## LEM WOON *v.* STATE OF OREGON.

ERROR TO THE SUPREME COURT OF THE STATE OF OREGON.

No. 261.  Submitted April 25, 1913.—Decided June 9, 1913.

The "due process of law" clause of the Fourteenth Amendment does not require the State to adopt the institution and procedure of a grand jury; nor does it require an examination, or the opportunity for one, prior to a formal accusation by the district attorney by information. *Held* that the Information Law of 1899 of Oregon is not unconstitutional as denying due process of law.

*Ross* v. *Oregon*, 227 U. S. 150, followed to the effect that the subsequent amendment to the constitution of Oregon affecting prosecutions affected only prosecutions thereafter instituted and had no effect on those which had already been instituted although based on information.

57 Oregon, 482, affirmed.

THE facts, which involve the constitutionality under the due process clause of the Fourteenth Amendment of the "Information Act" of 1899, of the State of Oregon and the validity of a conviction thereunder, are stated in the opinion.

*Mr. James E. Fenton, Mr. John F. Logan, Mr. Frank F. Freeman* and *Mr. Ralph E. Moody* for plaintiff in error.

*Mr. A. M. Crawford,* Attorney General of the State of Oregon, *Mr. Walter H. Evans* and *Mr. Dan J. Malarkey* for defendant in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

On March 9, 1908, Lem Woon, the plaintiff in error, was accused by a sworn complaint, made before a committing magistrate of the City of Portland, of the crime

of murder in the killing of Lee Tai Hoy, and, being arraigned before the magistrate, waived examination, and was held to answer the charge. On April 1, 1908, the district attorney of the proper district filed in the proper circuit court an information charging him with the crime of murder in the first degree in respect of the same homicide. The institution of the prosecution by such an information was at that time authorized by § 1 of an act of February 17, 1899, known as the "Information Law," Sess. Laws 1899, p. 99, Bellinger and Cotton's Codes, § 1258, which reads as follows:

"Hereafter it shall be lawful for the district attorney of any judicial district of this state, and it is hereby made his duty, to file in the proper circuit court an information charging any person or persons with the commission of any crime defined and made punishable by any of the laws of this state, and which shall have been committed in the county where the information is filed."

The constitution and laws of Oregon at that time in force did not require any examination, or commitment by a magistrate, as a condition precedent to the institution of a prosecution by an information filed by the district attorney, nor require any verification other than his official oath. *State* v. *Belding,* 43 Oregon, 95, 99; *State* v. *Guglielmo,* 46 Oregon, 250.

On June 12, 1908, the plaintiff in error, having pleaded not guilty, was placed on trial before the Circuit Court and a jury, and, being found guilty as charged in the indictment, was afterwards sentenced to death.

On June 1, 1908, after the filing of the information, and before his trial thereunder, § 18 of Article VII of the constitution of Oregon, under which, as it previously stood, prosecutions by information were permitted, was amended so as to provide as follows: "No person shall be charged in any circuit court with the commission of any

crime or misdemeanor defined or made punishable by any of the laws of this State, except upon indictment found by a grand jury."

Plaintiff in error appealed to the supreme court of the State, which affirmed the judgment of conviction (107 Pac. Rep. 974), and denied a petition for a rehearing (112 Pac. Rep. 427), and the case comes here under § 709, Rev. Stat., Judicial Code, § 237.

Two Federal questions were raised in the state courts and there decided adversely to the plaintiff in error and are here assigned for error.

First, that the "Information Act" of February 17, 1899, is in contravention of the "due process of law" clause of the Fourteenth Amendment of the Constitution of the United States.

Second, that the adoption of the amendment of the state constitution after the plaintiff in error was charged with the crime, operated to repeal all laws in conflict therewith immediately upon its adoption, and therefore he could not be tried, convicted, and sentenced without indictment by grand jury.

The second point was abandoned upon the argument, doubtless because it was considered to be foreclosed by the decision of this court in the recent case of *Ross* v. *Oregon*, 227 U. S. 150, 164. In that case the plaintiff in error was tried and convicted in a prosecution instituted by information, and his case was pending on appeal in the state court at the time of the adoption of the constitutional amendment. He advanced the contention that the amendment had the effect of repealing the "Information Law," and made it impossible to enforce the judgment against him because of the due process of law clause. But the state court ruled (55 Oregon, 450, 479), that the amendment of the state constitution was prospective, and did not affect pending cases. This court held that this decision involved nothing more than the construction of the amend-

ment, which was a question of local law, not reviewable here.

The case of the present plaintiff in error is not distinguishable upon the ground that he had not yet been put upon trial when the amendment was adopted; for the construction placed by the Supreme Court of Oregon upon the amendment is that it had no effect upon the "Information Law" except with respect to prosecutions *thereafter instituted.* So it was held in *State* v. *Ju Nun*, 53 Oregon, 1, 9; 98 Pac. Rep. 513, 514, the court saying: "It will be observed that the amendment does not provide that a person shall not be 'tried' or 'prosecuted' for a criminal offense, except upon indictment, but simply that he shall not be charged therewith. . . . When we speak of charging a person with the commission of a crime, we ordinarily mean the commencement of the proceeding, by the filing of a written complaint or accusation, and in our opinion it was in this sense that the words were used in the constitutional amendment in question." The decision of this point in the *Ross Case* was rested by the state court upon the authority of the *Ju Nun* decision; and it was upon the same authority that in the present case the court set aside the contention that the "Information Law" was repealed by the constitutional amendment. Therefore our decision in *Ross* v. *Oregon*, 227 U. S. 150, 164, is controlling.

And so the only question is whether the Information Law is in conflict with the "due process of law" clause. This would seem to be sufficiently set at rest by repeated decisions. *Hurtado* v. *California*, 110 U. S. 516, 532, 538; *McNulty* v. *California*, 149 U. S. 645; *Hodgson* v. *Vermont*, 168 U. S. 262; *Bolln* v. *Nebraska*, 176 U. S. 83; *Maxwell* v. *Dow*, 176 U. S. 581; *Davis* v. *Burke*, 179 U. S. 399; *Dowdell* v. *United States*, 221 U. S. 325.

The Supreme Court of Oregon has upheld the validity of the Information Law in several decisions, based upon the

authority of the *Hurtado Case; State* v. *Tucker*, 36 Oregon, 291; *State* v. *Guglielmo*, 46 Oregon, 250, 251, 262; *State* v. *Ju Nun*, 53 Oregon, 1.

The distinction sought to be drawn between the present case and that of *Hurtado*, on the ground that the Oregon system did not require that the information be preceded by the arrest or preliminary examination of the accused, is untenable.

Although the plaintiff in error waived examination, we prefer not to rest upon that circumstance as a ground of decision. For if (as seems to be conceded) the preliminary examination had no lawful status under the laws of Oregon, it is not easy to see how his position was altered for the worse by his waiving such examination.

But since, as this court has so often held, the "due process of law" clause does not require the State to adopt the institution and procedure of a grand jury, we are unable to see upon what theory it can be held that an examination, or the opportunity for one, prior to the formal accusation by the district attorney, is obligatory upon the States.

The matter is so clearly settled by our previous decisions that further discussion is unnecessary.

*Judgment affirmed.*