## LYLE v. EIDSON.
### No. 14099.

United States Court of Appeals
Eighth Circuit.

June 2, 1950.

See also 80 F.Supp. 167.

Everett C. Lyle, Appellant, submitted brief pro se.

J. E. Taylor, Attorney General of the State of Missouri, and Gordon P. Weir, Assistant Attorney General, submitted brief for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a petition for a writ of habeas corpus. The appellant is confined in the Missouri State Penitentiary under a sentence of life imprisonment imposed on December 21, 1943, by the Circuit Court of Boone County, Missouri, based upon the verdict of a jury finding the appellant guilty of murder in the first degree. He was charged with this crime by an information filed by the Prosecuting Attorney of Howard County, Missouri, and, upon his plea of not guilty, was tried to a jury in the Circuit Court of Boone County, after a change of venue.

Upon the contention that his trial upon an information, instead of an indictment, was a denial of due process in violation of the Fourteenth Amendment to the Constitution of the United States, the appellant sought release by habeas corpus in the State courts of Missouri, apparently exhausted his State remedies, and was denied certiorari by the Supreme Court of the United States. 338 U.S. 888, 70 S.Ct.

184. He then filed his petition for a writ of habeas corpus in the United States District Court. That court, after pointing out that, under Missouri law, capital offenses may be prosecuted by information (State of Missouri v. Thurston, Mo.Sup., 242 S.W. 908, 911), denied the petition.

That a State may authorize the prosecution of capital offenses by information, instead of indictment, without violating the due process clause of the Fourteenth Amendment, is no longer subject to question. Hurtado v. People of State of California, 110 U.S. 516, 538, 4 S.Ct. 111, 292, 28 L.Ed. 232; Lem Woon v. State of Oregon, 229 U.S. 586, 589, 33 S.Ct. 783, 57 L.Ed. 1340, and cases cited.

"* * * A conviction after public trial in a state court by verdict or plea of guilty places the burden on the accused to allege and prove primary facts, not inferences, that show, notwithstanding the strong presumption of constitutional regularity in state judicial proceedings, that in his prosecution the state so departed from constitutional requirements as to justify a federal court's intervention to protect the rights of the accused." Darr v. Burford, 339 U.S. 200, 218, 70 S.Ct. 587, 597.

Since the appellant's petition showed no denial of any federal right, the District Court was without power to grant the writ prayed for. It is, therefore, unnecessary to consider the effect of the Supreme Court's denial of certiorari in the appellant's habeas corpus proceeding in the Supreme Court of Missouri; but see Salinger, Jr., v. Loisel, 265 U.S. 224, 230, 44 S.Ct. 519, 68 L.Ed. 989; Ex Parte Hawk, 321 U.S. 114, 116-117, 64 S.Ct. 448, 88 L.Ed. 572; White v. Ragen, 324 U.S. 760, 764-765, 65 S.Ct. 978, 89 L.Ed. 1348; Darr v. Burford, supra, pages 214–216 of 339 U.S., 70 S.Ct. 587; Schechtman v. Foster, 2 Cir., 172 F.2d 339, 342.

The order appealed from is affirmed.