James Dwain HAMPTON, Appellant,

v.

The STATE OF OKLAHOMA and Ray H. Page, Warden, Appellees.

No. 8847.

United States Court of Appeals
Tenth Circuit.

Oct. 31, 1966.

Joseph H. Miller, Jr., for appellant.

Charles L. Owens, Asst. Atty. Gen. (Charles Nesbitt, Atty. Gen. of Oklahoma, with him on the brief), for appellees.

Before PHILLIPS and HICKEY, Circuit Judges, and CHRISTENSEN, District Judge.

PER CURIAM.

The appellant was convicted in the District Court of Kiowa County, Oklahoma, of the crime of murder and was sentenced to a term of life imprisonment, now being served. The conviction was affirmed in Hampton v. State, Okl.Cr., 407 P.2d 210 (1965). His subsequent petition for a writ of habeas corpus was denied. Hampton v. Page, and State, Okl.Cr., 412 P.2d 202 (1966). It is not questioned that he exhausted his state remedies. An application for a writ of habeas corpus thereupon was filed in the United States District Court. This was denied without an evidentiary hearing. From such denial the case comes here on appeal.

It is contended that the lower court erred by failing to appoint counsel to assist in presenting the application for a writ and by summarily denying the application as made. We examine the sufficiency of the record to require an evidentiary hearing in the light of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and shall refer to the question of counsel thereafter.

Appellant's claim that his constitutional rights were violated because he was proceeded against in the state court by information rather than indictment was untenable as a matter of law. Lem Woon v. State of Oregon, 229 U.S. 586, 33 S.Ct. 783, 57 L.Ed. 1340. See Okla.Const. art. 2, § 17; 22 Okl.St.Ann. § 301. His complaint that he was denied some constitutional right by identification "in his cell without a fair and proper lineup" was frivolous, as were other contentions which need not be noticed further. The only question of substance was raised in relation to the allegation in the application that "petitioner was denied a speedy trial as guaranteed in the sixth amendment which took on due process proportions set forth in U. S. ex rel Von Cseh v. Fay, 313 F.2d 620."

Such a bare conclusion, standing alone, would be insufficient to raise a substantial question of fact requiring an evidentiary hearing. See Martinez v.

United States, 344 F.2d 325 (10th Cir. 1965). However, in the "brief" signed and filed by the petitioner in support of his application there were allegations which, uncontroverted and unexplained, were sufficient to raise a substantial question.[1]

From the allegations in the brief it was made to appear, or reasonably might be inferred, that nearly nine months elapsed from the filing of the information to the date of trial, that by this delay the appellant was prejudiced in his defense; that the court's other business was not sufficient to justify this delay, that the defendant was held in jail during this interval and as a result was unable to obtain necessary witnesses; that there was no effort made to bring the petitioner to trial at an earlier date; that petitioner complained of the long delay and that petitioner did not waive his right to a speedy trial but, on the contrary, did everything he could to speed up the proceedings. No explanation for the delay appears in the record. There had been no investigation or findings by the state court which could have relieved the federal court of any duty to make independent inquiry on the subject.[2] Sobota v. Cox, 355 F.2d 368 (10th Cir. 1966); Tipton v. Crouse, 361 F.2d 817 (10th Cir. 1966): Cf. Hall v. Page, 367 F.2d 352 (10th Cir. Sept. 1966 Term).

We are of the opinion that the appearance of the evidentiary basis of appellant's contention in his brief rather than in his application proper did not warrant the summary rejection of his claim and, indeed, this was not a ground referred to by the trial court. At least the opportunity for amendment of the application could have been permitted. Cf. Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). But even without amendment an evidentiary hearing under the circumstances should have been held if the facts asserted in the brief warranted one. An application ought not to be scrutinzed with technical nicety if grounds for a hearing appear in substance, especially in a case

1. "The elapsed time between the filing of the information and * * * [the] trial was two hundred sixty five (265) days * * *. The court must not only consider what was lost by the undue delay, but also what was not found by the defendant; to-witt (sic) : witnesses who would support petitioners (sic) claim that he was at a place far removed from the scene. * * * [In the] openion (sic) by jude (sic) Nix, it appears, 'On cross examination, he (the petitioner) could not identify the Drive-in Restaurant, had made no effort to find the girl, nor did the defence (sic) call Taylor to substantiate any part of his story.' The court did not however explain how a man locked tiny cell could make an effort to do anything except hope he had placed his life in competent hands. The district court of Kiowa County did not have a jury trial any time between February 1964 and November 1964. Between Nov. the sixteenth and Nov. the nineteenth three criminal cases came on for trial, one of which was carried over from the year before because of a mis-trial, this petitioner and his co-defendant. * * * It can not (sic) be said that the criminal docket was too crouded (sic) to bring the petitioner to trial at an earlier date. On a hearing for a writ of habeas corpus, the County Attorney, Mr. Paul Brann, informed the judge that it would be seven months, possibly longer before petitioner would be braught (sic) to trial. The petitioner complained of this long delay and asked that bond be set. Bond was refused but an effort was not made to bring the petitioner to trial at an earlier date. The petitioner did not waive his right to a speedy trial but in fact did everything he could to speed up the proceedings which went for naught."

2. In its order denying the writ the trial court stated that the contention concerning lack of a speedy trial "was disposed of in the habeas corpus hearing in the state court as a matter which could and should have been raised in the trial and appellate courts." The Oklahoma Court of Criminal Appeals had confined its ruling on the subject to this statement: "Petitioner now asks for his discharge upon the grounds that he was denied due procession that he was held in the county jail without bond for 265 days from the time of his arrest and charge with murder to his trial. This is a matter that can not be taken up and considered at this late date, in a habeas corpus proceeding." (Hampton v. Page and State, Okl.Cr., 412 P.2d 202, 203, supra.

where, as here, a prisoner had sought, unsuccessfully, the appointment of counsel to assist in presenting his application. See Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941). Cf. Sisk v. Overlade, 220 F.2d 68 (7th Cir. 1955).

 Mere passage of time does not establish an unconstitutional denial of a speedy trial or due process. Story v. Hunter, 158 F.2d 825 (10th Cir. 1947); Wood v. United States, 317 F.2d 736 (10th Cir. 1963). Nor can a defendant sit by without effort to obtain an earlier trial or himself contribute to the delay and thereafter be heard to complain. Keller v. Tinsley, 335 F.2d 144 (10th Cir. 1964); Morland v. United States, 193 F.2d 297 (10th Cir. 1951). Here the latter situation does not now appear and complaint is not confined to the passage of time. While the Sixth Amendment is not incorporated per se into the Fourteenth Amendment there may be circumstances which in their relationship to the delay of a trial amount to a denial of due process under the Fourteenth Amendment. Germany v. Hudspeth, 209 F.2d 15 (10th Cir. 1954); Hastings v. Mc-Leod, 261 F.2d 627 (10th Cir. 1958). Cf. Buchalter v. People of the State of New York, 319 U.S. 427, 63 S.Ct. 1129, 87 L.Ed. 1492 (1943). The right to a speedy trial is relative and must be determined in light of the circumstances of each case. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); Gorko v. Commanding Officer, Second H. F., Shreveport, La., 314 F.2d 858 (10th Cir. 1963). Here enough appeared, considering the application as a whole to require an examination of the circumstances at an evidentiary hearing and the making of findings of fact.

 We heretofore have observed that there is no constitutional right to counsel in habeas corpus proceedings. Flowers v. State of Oklahoma, 356 F.2d 916 (10th Cir. 1966); Rider v. Crouse, 357 F.2d 317 (10th Cir. 1966). These were cases where the claims were either frivolous or otherwise insufficient to require an evidentiary hearing. We need not determine the point not reached in these cases whether the denial of counsel in federal habeas corpus proceedings under some circumstances may constitute a denial of the equal protection of the laws, due process, or the benefits of an existing system for review by reason of poverty. See Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707 (2d Cir. 1960); Dillon v. United States, 307 F.2d 445 (9th Cir. 1962); cf. Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958), and Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). There now being held to be involved an application which was not subject to summary disposition, we are confident that the trial judge will give appropriate consideration to the appointment of counsel for the hearing.

We express no opinion as to the merits of petitioner's claim beyond holding that an evidentiary hearing should be granted. For this purpose the judgment is reversed.