**Wallace WILLIAMS, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary and the State of Oklahoma, Respondents.**

**Civ. No. 68–145.**

United States District Court
E. D. Oklahoma.

Aug. 20, 1968.

Wallace Williams, pro se.

No appearance by respondents.

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS.

DAUGHERTY, District Judge.

The Petitioner is presently serving a twenty-five year sentence resulting from his conviction, after jury trial, of the offense of first degree burglary after former conviction of a felony. The grounds which Petitioner urges are:

1. Denied right to indictment by grand jury,

2. Denied right to trial by an impartial jury because his previous conviction was made known to the jury before verdict,

3. Placed in jeopardy of liberty twice for the same offense because of the recidivist nature of his sentence,

4. Deprived of due process of law in that the jury was allowed to consider his previous conviction before verdict,

5. Denied equal protection of the laws and due process, in that the prosecution was allowed to refer to his former conviction during the course of the trial,

6. Denied the right to confrontation of witnesses, in that the former conviction was proven only by introduction of the information and judgment of conviction in the former case,

7. Identification of the Petitioner as the same person named in the prior conviction was not made at trial.

On analysis, it appears that the Petitioner's grounds 2 to 7 are related and pertain to the procedure used in his case to prosecute him as a former offender. He has applied to the Oklahoma Court of Criminal Appeals for relief, Williams v. Page, 442 P.2d 351 (Okl.Cr.1968), however, it appears from the opinion cited that only ground 3 was treated. Nevertheless, the Court is of the opinion that none of the seven grounds enumerated present a federal constitutional question.

The Petitioner claims that he has a constitutional right to indictment by grand jury. In Hampton v. State of

Oklahoma, 368 F.2d 9 (Tenth Cir. 1966), the court stated, 368 F.2d at p. 10:

"Appellant's claim that his constitutional rights were violated because he was proceeded against in the state court by information rather than indictment was untenable as a matter of law. Lem Woon v. State of Oregon, 229 U.S. 586, 33 S.Ct. 783, 57 L.Ed. 1340."

This holding disposes of the Petitioner's contention on ground 1.

The Petitioner describes the factual basis of his other claims as follows: "At the time of the reading of the information to the impaneled jury, the County Attorney read the charge of Burglary, 1st Degree * * * The County Attorney then proceeded to further enlighten the members of the jury by reading, to them, that the instant charge was amended to include the charge of After Previous Conviction of a Felony. He read, to the jury, that the (defendant) had been charged * * * with the crime of Burglary in the Second Degree, and that the (defendant) did then and there appear in open Court and had entered a plea of 'guilty,' to said charge and was thereafter, on the same 21st day of May, 1958, duly sentenced to serve a term of five (5) years imprisonment in the Oklahoma State Penitentiary, in McAlester, Oklahoma."

Petitioner's conviction of the offense for which he is now serving sentence was obtained on May 3, 1960. In 1962, the Oklahoma Court of Criminal Appeals, observing that the Oklahoma legislature had taken no action with regard to the procedure which the court thought should be followed in dealing with AFC (after former conviction) crimes, held as a rule of Oklahoma procedure that the AFC part of the charge should be deleted and no reference made to it until after a conviction resulted, after which the jury could consider the AFC part of the charge in relation to the amount of the additional sentence which it could impose under 21 O.S. § 51, the Oklahoma recidivist statute.[1] However, it was subsequently held by the same court that there was no infringement of constitutional or other rights where the Harris procedure was not followed in a trial antedating that case, that the Harris procedure was to have a prospective application only.[2]

The procedure that Oklahoma followed with regard to recidivist crimes prior to the Harris case does not raise a question of constitutional magnitude on any of the grounds presented by Petitioner.

▬ With respect to grounds 2 and 4, the Supreme Court of the United States has ruled that the inclusion of a reference to a former conviction in the charge against the accused and its consideration by the jury before verdict is not unconstitutional under the due process clause, and a two-stage trial, as described in the Harris case, supra, is not required.[3] As to grounds 3 and 5, a trial which includes a recidivist charge is not constitutionally infirm on the ground of double jeopardy,[4] nor does such a proceeding deny equal protection of the laws.[5] As to ground 6, the state is not limited in the manner in which it proves the former conviction, which may be done by presentation of the record of the former conviction, by cross-examination of the accused, or by stipulation of prosecution and defense.[6] As to ground 7, the matter

---

1. Harris v. State, 369 P.2d 187 (Okl.Cr. 1962).

2. Pickens v. Page, 391 P.2d 288 (Okl.Cr. 1964). Indeed, the court refused to apply the new procedure it announced in the Harris case to Harris.

3. Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

4. Sherman v. United States, 241 F.2d 329 (Ninth Cir. 1957), cert. den. 354 U.S. 911, 77 S.Ct. 1299, 1 L.Ed.2d 1429.

5. Sanders v. Waters, 199 F.2d 317 (Tenth Cir. 1952).

6. Tomlin v. Beto, 377 F.2d 276 (Fifth Cir. 1967); Wolfe v. Nash, 313 F.2d 393 (Eighth Cir. 1963), cert. den. 374 U.S. 817, 83 S.Ct. 1713, 10 L.Ed.2d 1041. See also, Spencer v. State of Texas, supra, note 3.

of identification is to be raised on direct appeal to the state courts.[7]

Accordingly, as none of the grounds Petitioner has pleaded entitles him to habeas corpus relief under the Constitution or laws of the United States, 28 U.S.C. § 2254(a), the Court, pursuant to Rule 12(h) (3), F.R.Civ.P., 28 U.S.C., will dismiss same for lack of jurisdiction.

Petitioner's Petition for Writ of Habeas Corpus is dismissed.

Roberto Perez, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, for respondent; Michael Jaffe, Asst. Atty. Gen., of counsel.

---

7. Schecter v. Waters, 199 F.2d 318 (Tenth Cir. 1952).