217 So.2d 109 (1968)
The STATE of Florida, Appellant,
v.
Joseph HERNANDEZ, Appellee.
Nos. 36594, 36595.
Supreme Court of Florida.
December 23, 1968.
*110 Richard E. Gerstein, State's Atty., Joseph Durant, Asst. State's Atty., Earl Faircloth, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellant.
Robert L. Koeppel, Public Defender, and Edward J. Winter, Jr., Asst. Public Defender, for appellee.
PER CURIAM.
We have for review consolidated appeals from the Dade County Criminal Court of Record. That Court quashed two informations filed by the State Attorney against the appellee for violations of Fla. Stat. § 398.19(1) (d) (1965) F.S.A. This statute proscribes unlawfully obtaining narcotic drugs by giving a false name or by giving a false address. Violations of § 398.19(1) (d) are non-capital felonies. Fla. Stat. 398.22(2) (1965) F.S.A. The trial court held that organic due process precludes a prosecution of an information unsupported by a prior indictment or a preliminary hearing showing probable cause.
We are called upon to decide whether the prosecution of appellee by information not preceded by an indictment or a probable cause hearing constitutes an unconstitutional deprivation of due process of law.
Fla. Stat. § 904.01 (1965), F.S.A., plainly authorizes the institution of the instant prosecution by direct information for it expressly provides:
"All capital offenses shall be tried on indictment by a grand jury, and all other cases may be tried either by indictment by grand jury or information filed by the prosecuting attorney under oath, except as is otherwise provided in the constitution of the state, and excepting cases of impeachment and in cases in the militia when in active service in time of war, or which the state with consent of congress may keep in time of peace." (Emphasis supplied.)
See also similar provision in Fla. Const. Dec. of Rights, § 10, F.S.A.
From the foregoing it is clear that there is no constitutional requirement under Florida law that a prosecution for a non-capital felony be instituted by an indictment. Furthermore, there is no federal constitutional impediment to dispensing entirely with the grand jury system in State prosecutions. Beck v. Washington, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962); Hurtado v. California, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed 232 (1884).
A preliminary hearing is for the purpose of determining if probable cause exists to hold one accused for trial and is not an indispensable prerequisite to the *111 filing of an information. Palmieri v. State, 198 So.2d 633 (Fla. 1967); Rouse v. State, 44 Fla. 148, 32 So. 784 (1902). Prosecution may be instituted and maintained regardless of whether probable cause is or is not found. Palmieri v. State, supra; Baugus v. State, 141 So.2d 264 (Fla. 1962). Furthermore, prosecutions instituted on informations by prosecutors without a prior judicial determination of probable cause have been approved in Ocampo v. United States, 234 U.S. 91, 34 S.Ct. 712, 58 L.Ed. 1231 (1914), and Lem Woon v. Oregon, 229 U.S. 586, 33 S.Ct. 783, 57 L.Ed. 1340 (1913).
The Orders of the Dade County Criminal Court of Record are reversed and remanded for further proceedings consistent herewith.
THOMAS, Acting C.J., and ROBERTS, DREW, THORNAL, ERVIN and ADAMS (Ret.), JJ., concur.