Kenneth Harlan **RICHARDSON** et al., Plaintiffs,

v.

Richard E. **GERSTEIN** et al., Defendants.

Civ. No. 71–673.

United States District Court, S. D. Florida.

Jan. 11, 1972.

Bruce S. Rogow, Miami, Fla., for plaintiffs.

Barry Scott Richard, Asst. Atty. Gen., Joseph Durant, Asst. State's Atty., Miami, Fla., for defendants.

## ORDER GRANTING MOTION TO DISMISS

KING, District Judge.

This action is based upon the alleged deprivation of the right to due process of law as guaranteed by the Fourteenth Amendment, the Court's jurisdiction resting upon 28 U.S.C. 1343(3). Plaintiffs, present and past, inmates of the Florida Division of Corrections, contend that their rights were denied as a result of the procedure whereby they were tried and convicted. The complaint contains three material claims.

First, plaintiffs contend their rights were denied by their arrest and incarceration upon the State Attorney's informations without being afforded a prior hearing. Secondly, it is asserted that a denial of rights resulted from the filing of informations by defendant, Gerstein, who either did not sign the informations or did not attest to them before a notary public. Finally, it is plaintiffs' position that, having pled without being advised of the right to a hearing on the sufficiency of the informations filed against them, they have been deprived of their rights.

The relief sought by plaintiffs is that this Court declare unconstitutional and enjoin the continuation of the foregoing practices. Additionally, plaintiffs seek credit against their sentences for time served between the filing of informations and the adjudications of guilt. Defendants have moved to dismiss.

The amended complaint may be summarized as asserting three due process rights: The right to a hearing before the arrest of one against whom an information is filed; the right to a hearing subsequent to arrest but before arraignment; and the right to an information signed and sworn to by the State Attorney.

### The Right to a Hearing Before Arrest Upon an Information

The petitioner has no legal right to a judicial hearing before the arrest of one charged with a crime by an information. In Lem Woon v. Oregon, 229 U.S. 586, 33 S.Ct. 783, 57 L.Ed. 1340 (1914) the Supreme Court examined the constitutionality of a state criminal procedure wherein there was no provision for a preliminary examination as a condition precedent to the filing of an information and found no such constitutional requirement.

Although this Court does not find *Lem Woon* to be applicable to the period following arrest (Pugh v. Rainwater, 332 F.Supp. 1107 (S.D.Fla. October 12, 1971) 10 Cr.L. 2061) that case does establish the absence of any constitutional requirement for a hearing prior to the filing of an information and the arrest pursuant thereto.

### The Right to a Hearing Subsequent to Arrest Upon an Information

In the case of Pugh v. Rainwater, supra, this Court ruled that persons arrested and incarcerated solely upon the authority of the police and/or prosecutor could not be held in custody without a preliminary hearing on the question of probable cause to hold them for trial. It was carefully pointed out in *Pugh* that the remedy granted was one uniquely available to persons seeking relief during their illegal pretrial incarcer-

ation, there being no basis for relief once a valid conviction has been entered.

The Fifth Circuit in Scarbrough v. Dutton, 393 F.2d 6 (5 Cir. 1968) held that "the failure to hold a preliminary hearing, without more, does not amount to a violation of constitutional rights which would vitiate the subsequent conviction." *Id.* at 7. In Murphy v. Beto, 416 F.2d 98 (5 Cir. 1969) the Court made a part of its opinion the statement of the lower Court that "a preliminary hearing before a magistrate is not a federal constitutional right which, if denied, requires a petitioner's release on habeas corpus (citation omitted)" *Id.* at 100. See United States v. Coley, 441 F.2d 1299 (5 Cir. 1971); McCoy v. Wainwright, 396 F.2d 818 (5 Cir. 1968); Worts v. Dutton, 395 F.2d 341 (5 Cir. 1968); Kerr v. Dutton, 395 F.2d 79 (1968); King v. Wainwright, 368 F.2d 57 (5 Cir. 1966); *cf.* Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed. 2d 114 (1961); Goodwin v. Page, 296 F. Supp. 1205 (E.D.Okl.1969). Moreover, this circuit has ruled that relief was not available in a section 1983 action which was brought after the period during which a preliminary hearing was denied, even though there was no attempt to invalidate a conviction. Anderson v. Nosser, 438 F.2d 183 (5 Cir. 1971).

■ Under the foregoing authorities the complaint fails to state a claim. Although plaintiffs do not seek relief by way of habeas corpus nor do they seek to directly invalidate their convictions, the shortening of sentences prayed for would, if granted, have the effect of partially invalidating the order of the trial court. The declaratory and injunctive relief sought by plaintiffs is unavailable for the reason that, having been afforded a trial on the merits, plaintiffs are no longer being denied a preliminary hearing. There is lacking an "actual controversy" which is a prerequisite for declaratory relief, 28 U.S.C. § 2201 and injunctive enforcement, 28 U.S.C. § 2202. Consequently plaintiffs have failed to state a claim.

*The Right to an Information Signed and Sworn to by the State Attorney*

■ Plaintiffs have not contended their convictions are invalid, rather, they are seeking relief based upon the denial of procedural rights, which denial has no continuing effect. Plaintiffs have failed to state a claim cognizable under section 1983 and additionally, for the reasons stated above, have not stated a claim for declaratory and injunctive relief. The only jurisdiction of this Court would be pendent jurisdiction over a state claim and because plaintiffs have failed in their attempt to state a federal claim there is no basis for this Court to exercise pendent jurisdiction. It is therefore,

Ordered and adjudged that defendants' motion to dismiss be and the same is hereby granted.