Juan B. **Babauta** and
Jose B. Babauta,
Petitioners,
v.
**Superior Court** of the
Northern Mariana Islands,
Respondent,
Commonwealth of the
Northern Mariana Islands,
Respondent/Real Party in Interest.
Original Action No. 95-002
Order Denying Petition
for Writ of Mandamus
December 15, 1995
Amended December 18, 1995

## II

The petitioners contend that they are entitled to preliminary hearings under the Fourth[2] and Fourteenth Amendments[3] to the U.S. Constitution, 6 CMC § 6303, Com. R. Crim. P. 5.1, and the Commonwealth Constitution. We will consider these arguments in turn.

### A. The Federal Constitution

■ Under the U.S. Constitution, two pretrial determinations must be made with respect to all criminal defendants.[4] First, the Fourth Amendment requires that a probable cause, or *Gerstein* determination, be made by a judicial officer if there will be a significant restraint on the accused's liberty following arrest.[5] A *Gerstein* hear-

---

Submitted on Filings December 4, 1995

Counsel for petitioner: G. Anthony Long & Pamela Brown, Saipan (Long & Brown).

Counsel for respondent/real party in interest: Yvonne O. Lee, Assistant Attorney General, Saipan.

BEFORE: TAYLOR, Chief Justice, and VILLA-GOMEZ and ATALIG, Justices.

PER CURIAM:

## I

The petitioners, Juan B. Babauta and Jose B. Babauta ("petitioners"), apply to this Court for a writ of mandamus directing the Superior Court either to dismiss the charges against them for failure to provide a preliminary examination, or to vacate its order setting the trial date[1] and order the court to hold a preliminary examination. Based on the analysis that follows, we deny the petitioners' request for a writ.

---

[1] This request is now moot because the date set for trial, December 4, 1995, has past.

---

[2] This provision guarantees individuals the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. This right "shall not be violated, and no Warrants shall issue, but upon probable cause." *Id.*

[3] The petitioners broadly cite the Fourteenth Amendment, but they appear to be referring to the Due Process Clause of section 1 of this Amendment. Specifically, they assert their entitlement "to a preliminary hearing to determine whether probable cause exists to restrict their liberty pending trial." Petition for Writ at 9. Under the Due Process Clause of the Fourteenth Amendment, no "State [shall] deprive any person of life, liberty or Property, without due Process of law." U.S. Const. amend. XIV, § 1, cl. 3.

[4] *See generally* Michael J. Coleraine, *Preliminary Hearings*, Project, *Twenty-Fourth Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1993-1994*, 83 GEO. L.J. 904-12 (1995).

[5] *Gerstein v. Pugh*, 420 U.S. 103, 114, 95 S. Ct. 854, 863, 43 L. Ed. 2d 54, 65 (1975). The U.S. Supreme Court specifies that "[w]hatever procedure a State may adopt, it must provide a fair and reliable determination of probable cause . . . and this determination must be made . . . either before or promptly after arrest." *Id.*, 420 U.S. at 124-25, 95 S. Ct. at 868-69, 43 L. Ed. 2d at 71-72 (footnotes omitted). "The sole issue is whether there is probable cause for detaining the arrested person pending further proceedings. . . . The standard is the same as that for arrest." *Id.*, 420 U.S. at 120, 95 S. Ct. at 866, 43 L. Ed. 2d at 69 (footnote omitted).

ing is not required, though, if a grand jury indictment[6] or a warrant[7] supports the defendant's arrest. The U.S. Constitution does not require that the suspect[8] or counsel[9] be present when a judicial officer makes the *Gerstein* determination of probable cause.

Here, the petitioners' arrests were supported by warrants signed by a Superior Court judge. The petitioners challenge neither the validity of the warrants nor the lawfulness of their arrests with respect to the issue of probable cause. Thus, *Gerstein* has been satisfied.

■ Second, as a matter of due process under the Fifth and Fourteenth Amendments, a suspect must be brought, without unreasonable delay, before a judge for an initial appearance following arrest.[10] The purpose of this appearance is to advise the arrestee of the charges against her or him, and of her or his rights.

The petitioners made initial appearances in the Superior Court at their bail hearings on the day of their arrests. They make no contention, and the record before us does not support an inference, that their due process rights were infringed with respect to their initial appearances.

■ The petitioners assert that they are entitled to an additional hearing in the form of a preliminary examination. The purpose of a preliminary examination is to determine whether there is probable cause to believe that a crime has been committed and that the accused committed it.[11]

■ The right to a preliminary examination is extended, by statute and through rules of procedure, to defendants charged with nonpetty offenses in federal court,[12] and to defendants in most states.[13] However, the Due Process Clause of the Fourteenth Amendment does not require that states offer an accused the opportunity for a preliminary examination where, as here, the government commences prosecution through the filing of an information, and arrests the accused under a warrant.[14] The petitioners' claim under the Fourteenth Amendment, therefore, is without merit.

## B. Commonwealth Statutes and Procedural Rules

■While the Commonwealth Constitution does not expressly guarantee a right to a preliminary examination, the right has been established in this jurisdiction by statute and rules of court. The dispute in the instant case concerns the breadth of the right.

Under 6 CMC § 6303, "[i]f the arrested person does not waive preliminary examination, the official *shall hear the evidence* within a reasonable time."[15] Com. R. Crim. P. 5.1 also addresses the subject of preliminary hearings, providing in pertinent part that "[a] defendant is entitled to a preliminary examination, unless waived, *if he/she is substantially deprived of his/her liberty*. . . . If the defendant does not waive the preliminary examination, the judge *shall schedule a preliminary examination*."[16]

The petitioners and the real party in interest, the Commonwealth ("Commonwealth"), agree that incarceration constitutes a substantial deprivation of liberty and, therefore, that defendants who are not released pending trial must be afforded an opportunity for a preliminary examination. Petition for Writ at 12-13; Government's Response to Petition for Writ, Exhibit 5 at 5. At this point the parties' viewpoints diverge.

On the one hand, the petitioners contend that 6 CMC § 6303 creates a preliminary examination right that applies to defendants regardless of whether they are incarcerated pending trial. Petition for Writ at 13. On the other hand, the Commonwealth and the respondent, the Superior Court, maintain that defendants who are

---

[6] *Id.*, 420 U.S. at 117 n.19, 95 S. Ct. at 865 n.19, 43 L. Ed. 2d at 67 n. 19.

[7] *Id.*, 420 U.S. at 116 n.18, 95 S. Ct. at 864 n. 18, 43 L. Ed. 2d at 67 n.18.

[8] *Garcia v. City of Chicago*, 24 F.3d 966, 969-70 (7th Cir. 1994), *cert. denied*, ___ U.S. ___, 115 S. Ct. 1313. 131 L. Ed. 2d 194 (1995).

[9] *Gerstein*, 420 U.S. at 122-23, 95 S. Ct. at 867-68, 43 L. Ed. 2d at 70.

[10] *See Baker v. McCollan*, 443 U.S. 137, 145, 99 S. Ct. 2689, 2695, 61 L. Ed. 2d 433, 442 (1979) (dictum).

[11] *See, e.g.*, Fed. R. Crim. P. 5.1(a).

---

[12] *See, e.g.*, Fed. R. Crim. P. 5(c), 5.1(a); *accord* 18 U.S.C. § 3060(a).

[13] 1 Charles E. Torcia, WHARTON'S CRIMINAL PROCEDURE § 140 (13th ed. 1989).

[14] *Lem Woon v. Oregon*, 229 U.S. 586, 589-90, 33 S. Ct. 783, 784. 57 L. Ed. 340 (1913).

[15] 6 CMC § 6303(a) (emphasis added).

[16] Com. R. Crim. P. 5.1 (emphasis added).

released from custody pending trial are not entitled to a preliminary examination. Government's Response to Petition for Writ, Exhibit 5 at 5; *Commonwealth v. Lizama*, Crim. No. 94-0102 (N.M.I. Super. Ct. Sept. 6, 1994) (decision and order at 8-9).)[17] We disagree with the petitioners' reading of 6 CMC § 6303 and Com. R. Crim. P. 5.1, but we hold that there may be instances in which a defendant is "substantially deprived of his/her liberty" even though he or she has been released from custody pending trial.

■ While 6 CMC § 6303 and Com. R. Crim. P. 5.1 appear to conflict, a review of the relevant legislative history[18] reveals otherwise. The Trust Territory Code supplied the law governing criminal procedure[19] in the Commonwealth through the early 1980s. Twelve TTC § 202 created a right to a preliminary examination, but only under certain circumstances.[20] Twelve TTC § 204, in turn, established procedures for exercise of the right: "If the arrested person does not waive preliminary examination, the official shall hear the evidence within a reasonable time."[21]

In 1983, the Chief Judge of the Commonwealth Trial Court submitted proposed rules of criminal procedure to the Third Commonwealth Legislature.[22] The proposed rules were modeled after the Federal Rules of Criminal Procedure.[23]

The Chief Judge suggested that the legislature repeal certain provisions of the Trust Territory Code which would otherwise be redundant with the new rules.[24] Twelve TTC § 202 (creating the right to a preliminary examination under particular circumstances) was one such provision.[25] Another was 12 TTC § 206,[26] which provided that in certain situations, a defendant who was released on bail or personal recognizance could request a preliminary examination.[27]

After reviewing the Judge's proposal, the Third Commonwealth Legislature's Senate Committee on Judiciary, Government and Law stated:

> The proposed rules would replace many of the outdated [TT] Code provisions relating to criminal procedure.
>
> The Committee, upon recommendation of the Attorney General, and the Trial Court, elected not to address criminal procedures in statutory form. The Trial Court was to prepare new comprehensive criminal procedure Court Rules instead.
>
> . . . .
>
> House Bill No. 350 repeals those sections of Title 12 of the Trust Territory Code that are inconsistent with the new Court Rules.[28]

In accordance with this scheme, 12 TTC §§ 202 and 206 were repealed[29] and replaced by Com. R. Crim. P. 5[30] and 5.1, respectively, of the new Commonwealth Rules of Criminal Procedure.[31]

---

[17] The respondent Superior Court "has respectfully declined to file an answer in this matter and has referred [the Supreme Court] to its decisions in the . . . *Lizama* case." Government's Response to Petition for Writ at 2.

[18] It is appropriate to turn to legislative history for guidance where a statute "may reasonably be read in two ways, or where no single path of meaning clearly appears." *Songao v. Commonwealth*, 4 N.M.I. 186, 190 n.18 (1994).

[19] *See* 12 TTC §§ 1-481 (1980 Ed.).

[20] *See* 12 TTC § 202(3). Under this section, an arrested person had no right to a preliminary examination *if* he or she was brought before a court competent to try him or her for the charged offense. *Borja v. Trust Territory*, 6 TTR 584, 586-87 (App. Div. 1974).

[21] 12 TTC § 204.

[22] *See* Letter from Robert A. Hefner, Chief Judge, Commonwealth Court, to Olympio T. Borja, President of the Senate, and Benigo R. Fitial, Speaker of the House of Representatives, Third NMI Legislature 1 (Oct. 28, 1983).

[23] *See id.*

[24] *See id.*

[25] *See id.* at 2.

[26] *See id.*

[27] 12 TTC § 206.

[28] Sen. Report No. 265, 3d N.M.I. Legis. at 2 (1983).

[29] *See* PL 3-84, § 1 (enacted December 27, 1983).

[30] This rule sets forth the procedures to be followed during an arrested person's initial appearance.

[31] *See* Letter from Robert A. Hefner, Chief Judge, Commonwealth Court, to Olympio T. Borja, President of the Senate, and Benigo R. Fitial, Speaker of the House of Representatives, Third NMI Legislature 2 & appendix (Oct. 28, 1983); Sen. Report No. 265, 3d N.M.I. Legis. (1983) (discussing House Bill 350, which provided for the repeal of particular provisions of the Trust Territory Code relating to criminal

Later that year, the Third Commonwealth Legislature created the Commonwealth Code, essentially through the wholesale adoption of what remained of the Trust Territory Code.[32] The remainder included 12 TTC § 204 (establishing *procedures* for exercise of the right to a preliminary examination), which was enacted as 6 CMC § 6303.[33]

In summary, what were once complimentary provisions of a single Trust Territory statute (12 TTC §§ 202, 204 and 206) became separated and, through happenstance, resurfaced independently as portions of two rules of criminal procedure (Com. R. Crim. P. 5 and 5.1), and as a section of the Commonwealth Code (6 CMC § 6303). The legislative history of 6 CMC § 6303 is devoid of evidence of an intent either to create a statutory right to a preliminary examination, or to codify any procedural rules that might supersede the Commonwealth Rules of Criminal Procedure. Rather, it appears that 12 TTC § 204 was inadvertently overlooked when the law governing criminal procedure was changed from statutory to rule-based form in 1983.

The plain language of Com. R. Crim. P. 5.1 mandates that an accused be offered an opportunity for a preliminary examination if he or she is "substantially deprived of his/her liberty." The remaining question concerns the definition of "substantially deprived." We agree with the parties that incarceration constitutes a substantial deprivation of liberty. The converse, however, is not necessarily true. In other words, the pretrial release of a defendant does not automatically place him or her beyond the reach of Com. R. Crim. P. 5.1. Certain conditions or combinations of conditions of release may work a substantial deprivation of a defendant's liberty,[34] which would bring the defendant within the purview of Com. R. Crim. P. 5.1 and entitle him or her to a preliminary examination. We will not speculate as to what release conditions might create a "substantial deprivation." This determination will be left instead to the sound discretion of the trial judge in each case.

Following careful review of the release conditions set for the petitioners in the instant case, we are not persuaded that the trial court erred in finding that there has been no substantial deprivation of liberty within the meaning of Com. R. Crim. P. 5.1. The trial court thus did not abuse its discretion in denying the petitioners' requests for preliminary examinations under the rule.

## C. The Commonwealth Constitution

We cannot determine precisely which provision of the Commonwealth Constitution the petitioners allege the Superior Court has violated. They argue that N.M.I. Const. art. I, § 3 "prohibits the CNMI from depriving a person of liberty without due process." Petition for Writ at 15. In fact, N.M.I. Const. art. I, § 3, which corresponds to the Fourth Amendment to the U.S. Constitution, protects individuals from illegal searches and seizures. It may be N.M.I. Const. art. I, § 5, that the petitioners intend to cite, as this section provides that "[n]o person shall be deprived of life, liberty or property without due process of law."[35]

The petitioners provide the Court with no other citations to clarify their position. Consequently, the Court hesitates to consider their argument.[36] However, the petition at least narrows the allegedly violated constitutional rights down to two. The allegations, furthermore, implicate the petitioners' substantial rights. Therefore, in the interest of justice, we will consider the questions of whether the petitioners' rights have been violated under either N.M.I. Const. art. I, §§ 3 or 5.[37]

The framers of the Commonwealth Constitution framed N.M.I. Const. art. I, § 5 similar to the Due Process of Clause of the Fourteenth Amendment. For purposes of the preliminary examination issue now before us, we find no evidence that the framers intended to confer a broader right than that guaranteed by the U.S. Constitution.[38] We, therefore, will not infer such a right.

---

procedure).

[32] *See* Commonwealth Code, PL 3-90 (Dec. 23, 1983).

[33] *See id.* § 2(c).

[34] *Cf. Gerstein*, 420 U.S. at 114, 95 S. Ct. at 863, 43 L. Ed. 2d at 65 (discussing rule that a *Gerstein* determination is necessary where pretrial deprivation of liberty is "significant," and observing that "[e]ven pretrial release may be accompanied by burdensome conditions that effect a significant restraint on liberty").

[35] N.M.I. Const. art. I, § 5.

[36] *Cf. Roberto v. De Leon Guerrero*, 4 N.M.I. 295, 297-98 (1995) (holding that Court will not address arguments that are not supported by cited authority).

[37] Counsel for the petitioners should consider themselves warned that the Court is unlikely to be so indulgent in the future.

[38] Northern Marianas Constitutional Convention, *Analysis of the Constitution of the Commonwealth of the Northern Mariana Islands* 20 (Feb. 15, 1975).

313

The framers similarly made N.M.I. Const. art. I, § 3 similar to a provision of the U.S. Constitution; specifically, the Fourth Amendment.[39] Unlike N.M.I. Const. art. I, § 5, section 3 expands upon rights guaranteed under the U.S. Constitution.[40] However, the expansion does not reach so far as to guarantee, expressly or impliedly, a right to a preliminary examination to all accused persons in the Commonwealth.

## CONCLUSION

For the reasons set forth above, the petitioners' petition for a wit of mandamus is hereby **DENIED**.