*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JERRY ANDERSON II,

        Petitioner-Appellant,

v

MARQUETTE BRANCH PRISON WARDEN,

        Respondent-Appellee.

UNPUBLISHED
November 4, 2021

No. 356054
Marquette Circuit Court
LC No. 20-059661-AH

Before: REDFORD, P.J., and K. F. KELLY and LETICA, JJ.

PER CURIAM.

Petitioner pleaded guilty to second-degree murder, MCL 750.317, and felony-firearm, MCL 750.227b. The Genesee Circuit Court sentenced petitioner to serve consecutive sentences of 15 to 30 years in prison for the second-degree murder conviction and two years in prison for the felony-firearm conviction. Petitioner filed a complaint for a writ of habeas corpus, but the Marquette Circuit Court denied the petition for lack of merit. We affirm.

## I. BACKGROUND

In his petition for a writ of habeas corpus, petitioner argued that the grand jury indictment requirement of the Fifth Amendment to the United States Constitution applies in *all* state criminal cases and that, because he was bound over for trial without a grand jury indictment, the Genesee Circuit Court which was the court that presided over his criminal proceedings lacked jurisdiction over him, thereby rendering his convictions void. More specifically, petitioner argued that MCL 600.8311, MCL 766.13, and MCL 767.1 *et seq.*, were unconstitutional because they conflicted with the Fifth Amendment's grand jury requirement.[1] Petitioner argued that the Privileges and

---

[1] MCL 600.8311 grants district courts jurisdiction over, among other things, arraignments, probable cause conferences, and preliminary examinations. MCL 766.13 governs magistrate conduct of preliminary examinations, bindovers, and the ordering of a defendant to appear for arraignment. MCL 767.1 grants courts having jurisdiction over criminal causes the "power and

Immunities Clause of the Fourteenth Amendment to the United States Constitution made applicable to all states the grand jury requirement. Petitioner contended that his bindover had been illegal and did not confer jurisdiction on the Genesee Circuit Court. The Marquette Circuit Court denied his petition for lack of legal merit.

## II. STANDARD OF REVIEW

We review de novo questions of constitutional law. *People v Shenoskey*, 320 Mich App 80, 82; 903 NW2d 212 (2017). We review for an abuse of discretion a circuit court's denial of habeas relief. *Moses v Dept of Corrections*, 274 Mich App 481, 486; 736 NW2d 269 (2007).

## III. ANALYSIS

Petitioner contends that the Marquette Circuit Court erred by denying him habeas relief because he claims that the Fifth Amendment's grand jury indictment requirement applies to Michigan through the Privileges and Immunities Clause of the Fourteenth Amendment, and the failure to convene a grand jury to indict him renders his convictions void. We disagree.

In *Moses*, 274 Mich App at 485-486 (quotation marks, ellipsis, and citations omitted), this Court explained:

> The object of the writ of habeas corpus is to determine the legality of the restraint under which a person is held. The writ of habeas corpus deals with radical defects that render a judgment or proceeding absolutely void. In general, MCL 600.4310(3) prohibits habeas corpus relief to "[p]ersons convicted, or in execution, upon legal process, civil or criminal." But relief is open to a convicted person in one narrow instance, where the convicting court was without jurisdiction to try the defendant for the crime in question. Moreover, to qualify for habeas corpus relief, the jurisdictional defect must be radical, rendering the conviction absolutely void. A radical defect in jurisdiction contemplates an act or omission by state authorities that clearly contravenes an express legal requirement in existence at the time of the act or omission. Nevertheless, habeas relief may be denied in the exercise of a court's discretion where full relief may be obtained in other more appropriate proceedings. Thus, while plaintiff may not use a habeas proceeding as a substitute for an appeal or to review the merits of his criminal conviction, plaintiff may assert a radical defect in the jurisdiction of the court in which his conviction was obtained. MCL 600.4310(3).

Thus, to warrant the issuance of a writ of habeas corpus, petitioner had to establish a radical defect in the jurisdiction of the court in which his convictions were obtained. Petitioner claims that, under the Fourteenth Amendment, the Fifth Amendment's grand jury requirement applies to Michigan. The United States Supreme Court, however, on multiple occasions reiterated that the

jurisdiction to hear, try and determine prosecutions upon informations for crimes, misdemeanors and offenses, to issue writs and process and do all other acts therein as they possess and may exercise in cases of like prosecutions upon indictments."

Fourteenth Amendment does not require states to apply the Fifth Amendment's grand jury requirement. *Hurtado v California*, 110 US 516, 520-521, 537-538; 4 S Ct 111; 28 L Ed 232 (1884); *Alexander v Louisiana*, 405 US 625, 633; 92 S Ct 1221; 31 L Ed 2d 536 (1972); *Rose v Mitchell*, 443 US 545, 557 n 7; 99 S Ct 2993; 61 L Ed 2d 739 (1979); *Apprendi v New Jersey*, 530 US 466, 477 n 3; 120 S Ct 2348; 147 L Ed 2d 435 (2000) (stating that the Fourteenth "Amendment has not, however, been construed to include the Fifth Amendment right to 'presentment or indictment of a Grand Jury' ").

In *Beck v Washington*, 369 US 541, 545; 82 S Ct 955; 8 L Ed 2d 98 (1962), the United States Supreme Court explained:

> Ever since *Hurtado v California*, 110 US 516; 4 S Ct 292; 28 L Ed 232 (1884), this Court has consistently held that there is no federal constitutional impediment to dispensing entirely with the grand jury in state prosecutions. The State of Washington abandoned its mandatory grand jury practice some 50 years ago. Since that time prosecutions have been instituted on informations filed by the prosecutor, on many occasions without even a prior judicial determination of 'probable cause'—a procedure which has likewise had approval here in such cases as *Ocampo v United States*, 234 US 91; 34 S Ct 712; 58 L Ed 1231 (1914), and *Lem Woon v Oregon*, 229 US 586; 33 S Ct 783; 57 L Ed 1340 (1913).

The Michigan Constitution provides no requirement for a grand jury indictment. See, e.g., *People v Glass*, 464 Mich 266, 278-279; 627 NW2d 261 (2001) ("There is no state constitutional right to indictment by grand jury; rather, indictment by grand jury is an alternative charging procedure created by the Legislature."). The Genesee Circuit Court, therefore, had no obligation to convene a grand jury and did not violate the United States or Michigan Constitutions by not doing so.

Petitioner contends that the prior holdings involved *due-process* arguments and not his argument concerning the Privileges and Immunities Clause of the Fourteenth Amendment. Longstanding precedent, however, indicates that this argument lacks merit. See, e.g., *Slaughter-House Cases*, 83 US 36, 74-75; 21 L Ed 394 (1872) (holding that the Privileges and Immunities Clause of the Fourteenth Amendment concerned only citizens of the United States and *not* citizens of the individual states); *In re Sacred Heart Hosp of Norristown*, 133 F3d 237, 244 (CA 3, 1998) (citation omitted) ("[T]he Privileges and Immunities Clause of the Fourteenth Amendment 'has remained essentially moribund' since the Supreme Court's decision in *The Slaughter-House Cases* . . . , and the Supreme Court has subsequently relied almost exclusively on the Due Process Clause as the source of unenumerated rights."). *Slaughter-House Cases* remains good law today, and the Due Process Clause of the Fourteenth Amendment, not the Privileges and Immunities Clause, has been the basis against which protection from state action is sought. See, e.g., *McDonald v Chicago*, 561 US 742, 758; 130 S Ct 3020; 177 L Ed 2d 894 (2010) ("For many decades, the question of the rights protected by the Fourteenth Amendment against state infringement has been analyzed under the Due Process Clause of that Amendment and not under the Privileges or Immunities Clause. We therefore decline to disturb the *Slaughter-House* holding."). Moreover, privileges and immunities are limited and include only narrow rights such as the right "to come to the seat of government to assert any claim [a citizen] may have upon that government, to transact any business he may have with it, to seek its protection, to share its offices, to engage in administering its functions . . . [and to] become a citizen of any State of the Union by

a *bonafide* residence therein, with the same rights as other citizens of that State." *Id*. at 755 (alterations in *McDonald*). Petitioner's argument, therefore, lacks merit.

Petitioner has failed to establish any constitutional violation or demonstrate any defect in the bindover procedure that would warrant habeas relief. The Marquette Circuit Court, therefore, correctly denied his petition.

Affirmed.

/s/ James Robert Redford
/s/ Kirsten Frank Kelly
/s/ Anica Letica