**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

BILLY BROWN,

    Petitioner - Appellant,

v.

DAVID ROGERS, Warden,

    Respondent - Appellee.

No. 25-5101
(D.C. No. 4:17-CV-00651-CVE-CDL)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Billy Brown, an Oklahoma state prisoner, seeks a certificate of appealability

("COA") to challenge the district court's denial of his 28 U.S.C. § 2254 application for a

writ of habeas corpus.  *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal "the

final order in a habeas corpus proceeding in which the detention complained of arises out

of process issued by a State court").  His counsel filed an *Anders* brief and a motion to

withdraw, stating Mr. Brown has no non-frivolous grounds for appeal.  After careful

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

review, we agree.  Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we grant counsel's motion to withdraw, deny a COA, and dismiss this matter.

## I.  BACKGOUND

### A.  *Procedural History*

Mr. Brown is serving a life sentence without the possibility of parole for first-degree murder.  The Oklahoma Court of Criminal Appeals affirmed his conviction and sentence on direct appeal.  It also denied his appeals of two unsuccessful applications for post-conviction relief.

Mr. Brown applied for federal habeas relief under § 2254, alleging four claims.  ROA, Vol. 1 at 7-16.  The district court denied his claims and denied a COA.  *Id.* at 365-79.  After filing a notice of appeal on behalf of Mr. Brown, his counsel filed an *Anders* brief.  This court notified Mr. Brown that he could file a response, but he has not done so.

### B.  *COA and* **Anders**

A COA is a jurisdictional pre-requisite to our review.  *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).  We will issue a COA only if Mr. Brown makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  We review the district court's

2

factual findings for clear error and its legal conclusions de novo. *English v. Cody*, 241 F.3d 1279, 1282 (10th Cir. 2001).

*Anders v. California* provides that:

> [I]f counsel finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . . [T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . .

386 U.S. 738, 744 (1967). When counsel submits an *Anders* brief, we review the record de novo. *United States v. Kurtz*, 819 F.3d 1230, 1233 (10th Cir. 2016).

## II.  DISCUSSION

The *Anders* brief addresses the four claims that the district court denied and concludes that Mr. Brown has no non-frivolous arguments for appeal. Based on our de novo review, we agree. We have not detected any other viable appeal issues. We further conclude that reasonable jurists would not debate the district court's decision, so we deny a COA. The following addresses the four claims.

### A. *Indian Country Jurisdiction*

Mr. Brown claimed the state court, which found the victim was an Indian and the murder occurred in Indian country, lacked jurisdiction over his prosecution. As the district court noted, the parties eventually agreed that Mr. Brown is not an Indian, ROA, Vol. 1 at 373, so the court concluded that he cannot rely on *McGirt v. Oklahoma*, 591 U.S. 894 (2020) and 18 U.S.C. § 1153(a), which concern Indian country prosecutions

3

when the defendant and the victim are both Indians, *id.*  The court further concluded that Mr. Brown's jurisdiction argument fails under *Oklahoma v. Castro-Huerta*, 597 U.S. 629 (2022), which held that state and federal courts "have concurrent jurisdiction to prosecute crimes committed by non-Indians against Indians in Indian country."  *Id.* at 633.  Based on *Castro-Huerta*, Mr. Brown has no non-frivolous argument to challenge the state court's jurisdiction.

## B.  *Grand Jury Indictment*

Mr. Brown claimed that the state court lacked jurisdiction because the State failed to advise him of his federal right to a state grand jury indictment.  The district court denied this claim based on procedural default and on the merits.  On the latter, it pointed to *Lem Woon v. State of Oregon*, 229 U.S. 586 (1913), which said the federal constitution does not require a state to charge a criminal case by grand jury indictment and that a state may use an information to do so. *Id.* at 589-90.  We agree with the *Anders* brief that a challenge to the district court's ruling would be frivolous.

## C.  *Due Process*

Mr. Brown claimed generally that the state courts deprived him of due process by failing to comply with state and federal law and because he is actually innocent.  The district court denied this claim.  It said that Mr. Brown's "vague and conclusory assertions" do not state "a cognizable habeas claim."  ROA, Vol. 1 at 376.  It also cited *Farrar v. Raemisch*, 924 F.3d 1126, 1131 (10th Cir. 2019) (stating the Supreme Court "has never recognized freestanding actual innocence claims as a basis for federal habeas relief"), ROA, Vol. 1 at 377.  The *Anders* brief states, "Counsel for Mr. Brown cannot, on

4

appeal, identify any specific claim that can be presented to this Court." *Anders* Br. at 9. We discern no non-frivolous arguments to challenge the district court's denial of this claim.

### D. *Discrimination*

Mr. Brown claimed that, because he is "disabled, incompetent, poor [and] [B]lack," the state discriminated against him and denied him equal protection and due process by treating him unfairly throughout trial and appeal and because appellate counsel raised fewer issues than should have been raised in the direct appeal. ROA, Vol. 1 at 16. Similarly as to the third claim, the district court dismissed this claim as a "blanket attack" that failed to "identify any specific constitutional defects." *Id.* at 377 (quotations omitted). The *Anders* brief states, "These claims furnish present appellate counsel no reasonable basis to challenge the ruling denying habeas relief." *Anders* Br. at 9. We see no reason to conclude otherwise.

### III. **CONCLUSION**

Our independent review of the record reveals no non-frivolous grounds for a COA. We grant counsel's motion to withdraw, deny a COA, and dismiss this matter.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

5