■    MARY KIRK, Respondent, et al., Plaintiff, v. PATRICIA KIERNAN, Appellant.— In a negligence action to recover damages for personal injuries resulting from a fall down a stairway to a cellar, the door to which was identical with another door leading into a laundry room, defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County, entered April 12, 1966, as is in favor of plaintiff Mary Kirk, upon a jury verdict.   Judgment reversed insofar as appealed from, on the law and the facts, and complaint dismissed, without costs.   In our opinion, respondent was contributorily negligent as a matter of law in stepping through the first doorway which came to hand in the darkened garage (cf. *Owen* v. *Westchester Country Club,* 289 N. Y. 819; *Hudson* v. *Church of Holy Trinity,* 250 N. Y. 513; *Piper* v. *New York Cent. & H. Riv. R. R. Co.,* 156 N. Y. 224).   Although she had been in the garage a number of times during the short period of her employment, she testified that she had never been there at night before and that she was unaware of the existence of the door leading to the cellar.   There were other circumstances which should have given her warning that she was on unfamiliar ground.   For one, the door which she sought was always open, but the door upon which she put her hand was closed.   For another, she reached into what she believed to be the laundry room to find a table which stood just inside the door, but there was no table.   Despite these warnings that she was on strange ground in the darkened garage, she made no attempt to illuminate the garage or the " room " or to retrace her steps.   Instead, she reached in a little further, missed her step and fell down the steps to the basement. While we agree that the jury was entitled to find that maintenance of the identical doors in close proximity created a foreseeable hazard (*Christianson* v. *Breen,* 288 N. Y. 435; *Cole* v. *Lamattina,* 13 A D 2d 993), we think it clear that respondent failed to exercise due care for her own safety (cf. *Rohrbacher* v. *Gillig,* 203 N. Y. 413, 417–418).   Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■    ANNA NOREEN, Appellant, v. IRVING A. TOPILOW, Respondent.— Appeal from order of the Supreme Court, Kings County, dated April 1, 1966, dismissed, with $10 costs and disbursements, unless within 30 days after entry of the order hereon appellant submits a further appendix, including therein all papers upon which the general preference was originally granted (*E. P. Reynolds, Inc.* v. *Nager Elec. Co.,* 17 N Y 2d 51).   Appeal, insofar as it relates to the court's " order " (actually a decision during trial) granting defendant's oral motion for a mistrial, dismissed,. without costs.   No appeal lies from a decision or ruling at trial and in any event, as indicated, no order was made. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.