**UNITED STATES of America ex rel. Edward POLHILL, Petitioner,**

**v.**

**Nelson H. OTIS, Acting Warden, Green Haven Prison, Stormville, New York, Respondent.**

**No. 70 CIV. 2750.**

United States District Court, S. D. New York.

Sept. 4, 1970.

Edward Polhill, pro se, petitioner.

Louis J. Lefkowitz, Atty. Gen. of New York, by Frank I. Strom, II, Deputy Asst. Atty. Gen., for respondent.

OPINION

POLLACK, District Judge.

Petitioner, Edward Polhill, is presently incarcerated in Green Haven Prison pursuant to a judgment dated April 18, 1965, convicting him after trial by jury of robbery in the first degree, grand larceny in the first degree and assault in the second degree. The judgment of conviction was unanimously affirmed, without opinion, by the Appellate Division, Second Department [People v. Polhill, 27 A.D.2d 646, 276 N.Y.S.2d 851 (1966)] and by the New York Court of Appeals [22 N.Y.2d 862, 293 N.Y.S.2d 121, 239 N.E.2d 746 (1968)].

Petitioner contends that he was deprived of his constitutional right to a fair trial and due process of law because the jury that convicted him was unaware of the insanity of Norman

Adderley,[1] the principal witness against him.

Although this claim was not presented on direct appeal, the question of the witness' mental capacity was the subject of a post-trial coram nobis hearing held on April 21, 1967 before Justice Gittleson of the Supreme Court of New York, Kings County.

At the hearing it was established that the records of the New York State Department of Mental Hygiene, which runs various mental institutions in this state, did not disclose that Adderley was ever an inmate or patient in any of the department's hospitals, including Kings County Hospital (Tr. 2).[2] Petitioner was permitted to testify to the reasons for his belief that Adderley was insane, indicating that he held this belief before trial (Tr. 31–32). His trial counsel testified that after a number of lengthy conversations before the trial with Adderley he was able to conclude then "that the man was completely sane, absolutely sane" (Tr. 17). Reports of two psychiatrists associated with Kings County Hospital were introduced into evidence. One of the psychiatric reports, based on an April 29, 1964 examination of Adderley, concluded that the witness "was not found psychotic" (Tr. 42). The second report, based on a May 4, 1964 examination concluded that "the patient was found rambling and paranoid" and requested a formal court order for further mental observation. The request was denied by the Court (Tr. 41–42). Part of the trial record was introduced, showing that the prosecution was unaware of any material or information which would tend to support a charge that Adderley was insane (Tr. 33–34).

At the conclusion of the testimony, Justice Gittleson disposed of petitioner's contentions as follows:

With respect to the medical record, I find as a matter of law that there is nothing in the record to establish, one, that Mr. Adderley was incompetent and did not possess the capacity to testify at that [sic] time he testified in the Polhill case in this Court.

I further find that the record discloses that counsel for the co-defendant elicited some information with respect to Adderley's mental status, at that time it was disclosed that Adderley denied that he was suffering from any mental disability; and, in addition, if the counsel believed to the contrary, he was not in a position where he was unable to obtain additional records, if there were any, to sustain his viewpoint.

I further find there is no evidence in this case that the D.A. had any knowledge of any alleged disability * * * (Tr. 47).

The denial of coram nobis relief was unanimously affirmed, without opinion, by the Appellate Division, Second Department [People v. Polhill, 29 A.D.2d 633, 286 N.Y.S.2d 1019 (1967)] and by the New York Court of Appeals [25 N.Y.2d 1002, 305 N.Y.S.2d 513, 253 N.E.2d 224 (1969)]. Certiorari was denied by the United States Supreme Court [Polhill v. New York, 397 U.S. 1026, 90 S.Ct. 1270, 25 L.Ed.2d 536 (1970)].

█ The coram nobis hearing held by the state court was full and fair. The question of Adderley's mental capacity was covered thoroughly and the Judge's conclusions are amply supported by the record. This Court must therefore accept the findings of the state court. 28 U.S.C.A. § 2254(d); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); United States ex rel. Fein v. Deegan, 410 F.2d 13 (2d Cir.), cert. denied, 395 U.S. 935, 89 S.Ct. 1997, 23 L.Ed.2d 450 (1969).

In any event, petitioner's contentions are easily disposed of on the merits.

---

1. The witness, Norman Adderley, was petitioner's co-defendant.

2. References are to the transcript of the coram nobis proceeding, People v. Polhill, Indictment No. 1616–1964, Sup.Ct.N.Y. (Kings County, April 21, 1967).

In support of his claim that he was deprived of due process and denied a fair trial, because the jury was unaware of the fact that Adderley was insane, petitioner cites, among other cases, People v. Rensing, 14 N.Y.2d 210, 250 N.Y.S.2d 401, 199 N.E.2d 489 (1964). That case stands for the proposition that a defendant is entitled to a new trial if after trial there is "newly discovered evidence" that a key witness for the prosecution was declared insane. The rationale of these decisions is that if the defendant had had the information during trial he could have introduced it into evidence and the jury, in weighing the credibility of the witness' testimony, could have taken the fact of his insanity into consideration.

■ However, the cited cases are inapposite. The question of Adderley's insanity cannot be classified as "newly discovered evidence". The record demonstrates clearly that both petitioner and his counsel were conscious of the insanity question even before trial but deliberately declined to pursue it. There is nothing in the record or in petitioner's application for habeas corpus relief which would indicate that Adderley was declared insane or was treated for mental disorder. Neither the fact that he underwent psychiatric examination, which fact he readily admitted at the trial, pursuant to a request by a prison psychiatrist, nor the fact that one psychiatrist thought that he ought to undergo further examination are sufficiently probative so as to be introduced to the jury. See United States v. Mucherino, 311 F.2d 172 (4th Cir. 1962).

The prosecution cannot be charged with suppression of evidence, since, as found by Judge Gittleson, it was not aware of the conflicting psychiatric recommendations. See, e. g., Bowles v. State of Texas, 366 F.2d 734, 738 (5th Cir. 1966); Walker v. Bishop, 295 F. Supp. 767 (E.D.Ark.1967), aff'd, 408 F. 2d 1378 (8th Cir. 1969); cf. Ashley v. State of Texas, 319 F.2d 80 (5th Cir.), cert. denied, 375 U.S. 931, 84 S.Ct. 331, 11 L.Ed.2d 263 (1963).

■ Petitioner could not prevail even if we were to assume for the purpose of this application that the prosecution knew at the time of trial that though one psychiatrist found the witness to be sane, another, while not finding him insane, sought to examine him further. Such evidence, if offered to support the contention that Adderley was insane, would be too speculative and wholly lacking in probative value.

While the rule applicable to the granting of writs of habeas corpus for lack of due process by reason of suppression of evidence by the prosecutor apparently is in process of liberalization, [citations omitted], we discern no reason to suppose an extension of the present rule to include the failure of a prosecutor to call to the attention of the defense evidence that is wholly lacking in probative force because of its speculative quality. United States v. Tomaiolo, 378 F.2d 26, 28 (2d Cir. 1967).

Moreover, since petitioner and defense counsel knew of the possible ground for impeaching Adderley's testimony, their failure to attempt to discover the unfavorable psychiatric report constitutes a failure to exercise reasonable diligence in trial preparation and precludes the granting of this petition. See, e. g., United States ex rel. Fein v. Deegan, supra, (concurring opinion of Waterman, J.).

Accordingly, this petition is denied.

So ordered.