**UNITED STATES of America, Appellee,**

**v.**

**Angel Manuel LOPEZ, Appellant.**

**No. 78–5033.**

United States Court of Appeals,
Fourth Circuit.

Submitted Oct. 5, 1979.

Decided Nov. 29, 1979.

Michael J. McCarthy, Bowie, Md., on brief for appellant.

Russell T. Baker, Jr., U. S. Atty. and Donald H. Feige, Asst. U. S. Atty., Baltimore, Md., on brief, for appellee.

Before RUSSELL, WIDENER and SPROUSE, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

Convicted of unlawful possession with intent to distribute and distribution of heroin, 21 U.S.C. § 841(a)(1), the defendant has appealed, asserting error by the district court (1) in limiting his cross-examination of a witness, (2) in reopening the Government's case to include certain documentary evidence, (3) in its jury instructions, and (4) in its denial of his motion for acquittal. We find the claims of error without merit and affirm.

The defendant's first objection is directed at the district court's refusal to permit the defendant to cross-examine the Government witness Romero Rodriguez on the record of his psychiatric examination. The psychiatric examination of the witness to which the defendant apparently referred was conducted under a § 4244, 18 U.S.C. motion made on behalf of the witness while he was a defendant in another prosecution. The report of this examination had been given defendant's counsel prior to trial. As a result of that examination, the witness was found competent to stand trial and that finding of the psychiatrist was confirmed by a ruling of the trial court. The defendant contended, however, that cross-examination of the witness along the lines of the material in the report of the psychiatric examination was permissible because the jury was entitled to that information "just as they are entitled to know if he has a criminal record." The position of the Government was that such a cross-examination would be an inquiry into "collateral matters which would broaden the whole scope of this case . . . ." The district court's adverse ruling sustained this position.

■ One's psychiatric history is an area of great personal privacy which can only be invaded in cross-examination when required in the interests of justice. This is so because cross-examination of an adverse witness on matters of such personal privacy, if of minimal probative value, is manifestly unfair and unnecessarily demeaning of the witness. Moreover, such cross-examination will generally introduce into the case a collateral issue, leading to a large amount of testimony substantially extraneous to the essential facts and issues of the controversy being tried. Because of the obvious unfairness of such a cross-examination and its needless waste of judicial time, it has been posited in an authoritative text that, "Courts should have the power to protect witnesses against cross-examination that does little to impair credibility but that may damage their reputation, invade their privacy, and assault their personality." [1] And Rule 403, Federal Rules of Evidence provides the courts with the power to do just this.[2]

■ In making provision for such authority in the trial court, the drafters of Rule 403 were merely following the modern decisional trend under which courts have frequently exercised the power to prevent excursions during cross-examination into collateral matters of a purely personal nature having minor probative value. Particularly true is this in those cases in which the witness' psychiatric experiences are sought to be inquired into by way of an attack on the witness' credibility. The rationale for such a restriction, as applied in the psychiatric area, is that many psychiatric problems or fixations which a witness may have had are without any relevancy to the witness' credibility, concerned as it is with whether the witness' mental impairment is related to "his capacity to observe the event at the time of its occurrence, to communicate his observations accurately and truthfully at trial, or to maintain a clear recollection in the meantime." [3] It

1. Wright & Graham, 22 *Federal Practice and Procedure*, § 5215, p. 280.

2. Rule 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

3. *Commonwealth v. Butler* (1974) 232 Pa.Super. 283, 331 A.2d 678, 680. *See also United States v. Glover* (2d Cir. 1978) 588 F.2d 876,

follows that the witness' mental impairment, to constitute a proper subject for cross-examination, must have been "at a time probatively related to the time period about which he was attempting to testify," *United States v. Honneus,* 508 F.2d at 573; *cf. United States v. Partin* (5th Cir. 1974) 493 F.2d 750, 763, *cert. denied,* (1977) 434 U.S. 903, 98 S.Ct. 298, 54 L.Ed.2d 189, must go to the witness' qualification to testify and ability to recall, *United States v. Honneus,* 508 F.2d at 573; *State v. Harvey,* 242 N.W.2d at 335–36, and must not "introduce into the case a collateral issue which would confuse the jury and which would necessitate allowing the Government to introduce testimony explaining the matter," *United States v. Mucherino* (4th Cir. 1962) 311 F.2d 172, 174; *United States ex rel. Polhill v. Otis* (S.D.N.Y.1970) 316 F.Supp. 334, 336; *State v. Rittiner* (La.1976) 341 So.2d 307, 317. *Contra Ramseyer v. General Motors Corp.* (8th Cir. 1969) 417 F.2d 859, 863 (disapproving of *Mucherino* ).[4]

Whether the cross-examination is to be permitted under the above principles is an issue committed to the discretion of the trial court, which, in its determination, is "entitled to weigh the potential unfairness of a free wheeling inquiry intended to stigmatize the witness against whatever materiality the evidence might have." *United*

*States v. Honneus,* 508 F.2d at 573; *United States v. Hanahan* (7th Cir. 1971) 442 F.2d 649, 655. To enable the trial court to make that determination, the party seeking to engage in the determination should make an offer of proof of the evidence it seeks to develop on the witness' mental impairment. *United States v. Honneus,* 508 F.2d at 572–73; *State v. Harvey,* 242 N.W.2d at 335–36; *State v. Rittiner,* 341 So.2d at 317; *Commonwealth v. Butler,* 331 A.2d at 680. The decision of the trial court, finally, on the allowability of such cross-examination may be reversed only for abuse of discretion. *See, e. g., United States v. Glover,* 588 F.2d at 878; *United States v. Green,* 523 F.2d at 237.

■ Applying these standards here, we find no abuse of discretion in the trial court's refusal to permit cross-examination of the witness on the details of his psychiatric examination. What in the record of that examination might have reflected on the witness' credibility as a witness or his ability to testify accurately was not indicated by any offer of proof by the defendant. The defendant did not seek to introduce into the record the psychiatric examination itself, on which he apparently relied. If some remote circumstance could have

878; *United States v. Rabinowitz* (2d Cir. 1978) 578 F.2d 910, 912; *United States v. Green* (2d Cir.) 523 F.2d 229, 237, *cert. denied,* (1975) 423 U.S. 1074, 96 S.Ct. 858, 47 L.Ed.2d 84; *United States v. Honneus* (1st Cir. 1974) 508 F.2d 566, 573; *United States v. Brumbaugh* (6th Cir.) 471 F.2d 1128, 1129, *cert. denied,* (1973) 412 U.S. 918, 97 S.Ct. 2732, 37 L.Ed.2d 144; *Bakken v. State* (Alaska 1971) 489 P.2d 120, 124; *State v. Harvey* (Iowa 1976) 242 N.W.2d 330, 335–36; *State v. Nixon* (1978) 223 Kan. 788, 576 P.2d 691, 695; *State v. Knapp* (1975) 14 Wash.App. 101, 540 P.2d 898, 902–03; *Johnson v. State* (1977) 75 Wis.2d 344, 249 N.W.2d 593, 601–02.

In *Brumbaugh,* for instance, the treatment was for mental "depression," which was a condition found by the court to be unrelated to the witness' ability to testify.

4. In *United States v. Mucherino,* 311 F.2d at 174, the defendant sought to put in evidence the record of an adverse witness' prior psychiatric examination. The trial judge refused to permit the introduction. On appeal that ruling was affirmed, the court stating:

The trial judge rejected the court record on the broader ground that the order "merely indicated that he was ordered to have a psychiatric examination prior to a conviction back in 1951," and that its admission would introduce into the case a collateral issue which would confuse the jury and which would necessitate allowing the Government to introduce testimony explaining the matter. The reason advanced by the Court for its action is, in our opinion, a sound one. Had the order been admitted in evidence the Government could not have been denied the right to open up the entire matter; to call for further records of the Court to ascertain whether the order had ever been carried out and, if so, to call for the hospital records to show the nature of any examination made or whether any treatment had been given. Hours and possibly a day or so would have been used in hearing testimony on this purely collateral matter, with the result of confusing the jury and diverting its attention from the real issues in the case.

been extracted from the record of the examination that might have had some arguable relationship to the witness' qualification to testify and the trial court had permitted cross-examination on that fact or circumstance, the Government would have undoubtedly wanted to use the full report though the testimony of the psychiatrist or battery of psychiatrists who had found the witness competent and qualified as a witness. The trial court would then have been confronted by precisely the same problem as that faced by the trial judge in *Mucherino*. Moreover, the trial court had already permitted the defendant to develop on cross-examination the witness' felony convictions, and the failure to permit cross-examination on his psychiatric examination under those circumstances, it has been suggested in some authorities, will not be regarded as prejudicial. *See United States v. Green*, 523 F.2d at 237; *United States v. Glover*, 588 F.2d at 878.

Considering all the circumstances, we find no merit in defendant's claim of abuse of discretion. Certainly when he has pointed to nothing either in the record of the witness' psychiatric examination nor elsewhere that would show an incapacity on the witness' part to have observed the event to which his testimony related, or to recall that event sufficiently to testify accurately about it at trial, we cannot find an abuse of discretion by the district court in denying the defendant a right to engage in a "free wheeling inquiry intended to stigmatize the witness," but without any real relevancy to his mental qualification as a witness.

■ The defendant's second claim challenges the propriety of the inclusion in the record after arguments of counsel, but before the court's final instructions, of the parties' formal stipulation covering the testimony of an expert witness. The stipulation was read to the jury during the Government's case and marked as Government's Exhibit 2. The Government failed, however, to introduce the exhibit formally into evidence. Despite this, the Government and the defendant proceeded, both in their presentation of evidence and in their arguments to the jury, to treat the exhibit as a formal part of the record. When the Government realized that it had not formally introduced the exhibit into evidence, it moved the court to allow its introduction. That introduction was allowed over the defendant's objection. We perceive no error in the district court's action. *United States v. Stapleton* (9th Cir.) 494 F.2d 1269, 1270–71, *cert. denied*, (1974) 419 U.S. 1002, 95 S.Ct. 321, 42 L.Ed.2d 277.

■ The defendant's attack on the district court's instructions and comments are without merit. The court's instructions must be viewed as a whole and not in isolated sentences. So viewed, we find no improper comments by the district court. Neither is there any merit in the argument that the defendant was entitled to the granting of his motion for judgment of acquittal; the evidence was sufficient to justify a rational trier of fact in finding guilt beyond a reasonable doubt. *See Jackson v. Virginia* (1979) —— U.S. ——, 99 S.Ct. 2781, 61 L.Ed.2d 560.

The judgment of conviction of the defendant is accordingly

*AFFIRMED.*