COMMONWEALTH *vs.* ALBERT E. PERREAULT, JR. May 20, 1982. The defendant appeals from his convictions after a jury trial in the Superior Court on indictments charging him with two counts of receiving stolen motor vehicles (G. L. c. 266, § 28), selling a motor vehicle with a defaced

identification number (G. L. c. 266, § 139[b]), possession of a motor vehicle with a defaced identification number (G. L. c. 266, § 139[c]), and perjury before a grand jury (G. L. c. 268, § 1). The defendant argues error in (1) the denial of his motions for required findings of not guilty (Mass.R.Crim.P. 25, 378 Mass. 896 [1979]) on both the perjury charge and the charge relating to possession or sale of a vehicle with an altered identification number; (2) the failure of the trial judge to instruct the jury on the limited consideration they could give to statements by joint criminal venturers; and (3) the limitation on cross-examination of a key prosecution witness regarding her hospitalization in a psychiatric institution. We affirm the judgments of conviction.

1. The defendant argues that the perjury indictment was overbroad, as it did not state with specificity what testimony given by the defendant was perjured. Notwithstanding the defendant's failure to comply with Mass.R.Crim.P. 13, 378 Mass. 872 (1979), we consider this argument and conclude that it lacks substance.

The indictment alleged that the perjury was committed in the course of a judicial proceeding, "to wit: an investigation into the activities of Daniel Kelleher and others in connection with the possession, sale or attempted sale of stolen motor vehicles, an issue within the jurisdiction of the Grand Jury" on a matter "material to the proceedings before the Grand Jury." See G. L. c. 268, § 1.

The indictment was drawn according to the statutory form set out in G. L. c. 277, § 79, and as such is sufficient. *Commonwealth* v. *Baron*, 356 Mass. 362, 364 (1969). See *Commonwealth* v. *Giles*, 350 Mass. 102, 112 (1966).

2. Perreault also argues that because the indictment was overbroad the jury were precluded from a meaningful review of the materiality of the alleged perjured testimony. We have decided already that the indictment was not overbroad. The materiality of the perjury is a question of proof. " 'Materiality in respect of perjury means relevance in the sense that the answer might tend in reasonable degree to affect some aspect or result of the inquiry,' and . . . 'the test of relevancy and materiality is not whether the false testimony did in fact influence a pertinent determination. Instead, it must be decided whether viewed objectively, the testimony directly or circumstantially had a reasonable and natural tendency to do so.' " *Commonwealth* v. *Cerveny*, 373 Mass. 345, 352 (1977), quoting from *Commonwealth* v. *Giles*, *supra* at 110, 111.

If the defendant's testimony is considered as a whole, as it must be (*Commonwealth* v. *Giles*, 353 Mass. 1, 11 [1967]), there is no question that the defendant unequivocally denied any connection with the stolen vehicle and asserted that the vehicle was kept on his property solely to facilitate its sale by his brother, and that he (the defendant) received none of the proceeds of the sale for his own use. The indictment stated clearly that the purpose of the grand jury was to investigate the defendant's in-

volvement, if there was any, with Daniel Kelliher and the two stolen motor vehicles. It is equally clear that the defendant's testimony before the grand jury had a reasonable and natural tendency to affect some aspect of the inquiry. The motion was properly denied.

3. The defendant contends that since the Commonwealth failed to introduce any evidence that the vehicle identification numbers (VIN) that had been altered were numbers required by the registrar properly to identify the vehicle, it was error to deny his motion for a required finding of not guilty at the close of the Commonwealth's case. The defendant further argues that since no evidence was introduced that the registrar requires the vehicle identification number to be included on the application, an essential element of the crime was lacking.

The defendant's arguments in this regard are without merit. At the close of the Commonwealth's case there was sufficient evidence to convict the defendant of violating G. L. c. 266, § 139(*b*) & (*c*). Harold Garcia, an investigator for the auto theft unit with the Registry of Motor Vehicles, testified to what the VIN were as they appeared on the stolen motor vehicles; he also testified to what VIN should have been on the motor vehicles. Garcia also explained in detail the information required on the Registry of Motor Vehicle Form 1 (RMV1) (registration form), and he testified that the RMV1 becomes a permanent record on file at the Registry. The defendant stipulated, among other things, to Garcia's qualifications to testify on the subject, and that the true VIN numbers were no longer on the cars. We conclude that the Commonwealth satisfied its burden of proof. There was no error.

4. Having failed to preserve the issue by objection or by otherwise articulating the issue in any way during trial (see Mass.R.Crim.P. 24(b), 378 Mass. 895 [1979]), the defendant now claims error in the failure of the trial judge to instruct the jury that statements of joint venturers were admissible only on the indictments relating to the stolen motor vehicle.

In *Commonwealth* v. *Borans*, 379 Mass. 117 (1979), it was held that the substantive indictments and a perjury indictment could be tried together when the trial judge could reasonably have concluded that the indictments all resulted from the same scheme. *Id.* at 149. "[T]o be admissible against a defendant, the out-of-court statements of coconspirators or joint criminal venturers must have been made during the pendency of the criminal enterprise and in furtherance of it. See, e.g., *Commonwealth* v. *White*, 370 Mass. 703, 708-709 (1976); *Commonwealth* v. *Flynn*, 362 Mass. 455, 477 (1972) ('the same general rule of evidence applies to cases where a conspiracy or common enterprise is shown to exist even though not charged')." *Commonwealth* v. *Borans, supra* at 116. In these circumstances, we are unable to conclude that there was a substantial risk of a miscarriage of justice.

5. The defendant claims that the trial judge's refusal to permit defense counsel to interrogate a government witness concerning her psychiatric

history constituted an infringement upon his Sixth Amendment right of confrontation, and art. 12 of the Declaration of Rights. He argues specifically that because the witness was hospitalized at a time contemporaneous with the time she went to the police with statements inculpatory of the defendant, evidence of her hospitalization would reflect on her emotional stability. The judge ruled the evidence was neither relevant nor probative and excluded it. It is true that "[m]ental impairment . . . may be the subject of proper impeachment if it is shown that such factors affect the witness's capacity to perceive, remember, and articulate correctly." *Commonwealth* v. *Caine*, 366 Mass. 366, 369 (1974). See *Commonwealth* v. *Sacco*, 255 Mass. 369, 439 (1926). However, the scope of cross-examination "rests largely in the sound discretion of the judge, not subject to revision unless prejudice is shown . . . ." *Commonwealth* v. *Caine*, 366 Mass. at 370, quoting from *Commonwealth* v. *Smith*, 329 Mass. 477, 479 (1952). No abuse of that discretion has been shown. See *Commonwealth* v. *Underwood*, 358 Mass. 506, 513 (1970).

At trial, defense counsel made an offer of proof (but see *Commonwealth* v. *Caine*, 366 Mass. at 370 n.4) in an effort to show that because the witness had been admitted to a mental hospital she was not a stable woman. He further offered to show that the defendant was present during an altercation between this same witness and her former boyfriend, Arthur Perreault, the defendant's brother. Apparently, the defendant telephoned the Marshfield police to quell the disturbance. The judge stated that at most the incident might indicate some bias toward Arthur on the witness's part, and he allowed defense counsel to question her extensively on the subject of bias. Other than defense counsel's bare statement that this witness may not be stable, there was no showing of the relevance of her prior hospitalization to her credibility. "[T]here must be some indication that the impairment or addiction involved is relevant to the issue of credibility before evidence of such can be used to impeach." Liacos, Massachusetts Evidence 144 (5th ed. 1981). See *Commonwealth* v. *Adrey*, 376 Mass. 747, 752 (1978), and cases cited. "Without more, evidence of the mere fact of commitment to . . . [a] hospital was insufficient to compel admission of this testimony." *Commonwealth* v. *Caine*, 366 Mass. at 370. There was no error in excluding that particular line of questioning. See *Commonwealth* v. *Reilly*, 5 Mass. App. Ct. 435, 439-440 (1977).

*Judgments affirmed.*

*Constance L. Rudnick* for the defendant.
*John P. Corbett*, Assistant District Attorney, for the Commonwealth.

