UNITED STATES of America ex rel. Phillip KLINE, Petitioner,

v.

Michael P. LANE, Respondent.

No. 87 C 1256.

United States District Court, N.D. Illinois.

Feb. 17, 1989.

Marc Kadish, Chicago, Ill., for petitioner.

Joan Fickinger, Mark Rotert, Asst. Atty. Gen., Criminal Appeals Div., Neil F. Hartigan, Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

### FACTS

In 1979 petitioner, Phillip Kline ("Kline"), was convicted of the murder of Bridgette Regli ("Regli") in the Circuit Court of Will County, Illinois and was sentenced to fifty to one hundred years imprisonment. Kline appealed and both the appellate court and the Supreme Court of Illinois affirmed his conviction. *People v. Kline*, 99 Ill.App.3d 540, 54 Ill.Dec. 697, 425 N.E.2d 562 (3rd Dist.1981), *aff'd in part, rev'd in part*, 92 Ill.2d 490, 65 Ill.Dec. 843, 442 N.E.2d 154 (1982).

In 1984 Kline filed a petition for post-conviction relief in the Circuit Court of Will County. Following an evidentiary hearing the court granted the state's motion for a directed verdict and dismissed the petition. The appellate court affirmed the dismissal in an unreported opinion (*People v. Kline*, 138 Ill.App.3d 1167, 104 Ill.Dec. 379, 502 N.E.2d 876 (3rd Dist.1986)) and the Supreme Court of Illinois denied Kline's petition for leave to appeal in an unpublished order entered June 3, 1986.

In February 1987 petitioner filed his petition for a writ of habeas corpus with this court alleging: (1) he was denied his right of confrontation when the state prevented the defense from cross-examining the state's principal witness regarding her

mental condition and her intent to divorce petitioner; (2) the state knowingly concealed exculpatory evidence from petitioner; (3) the state denied petitioner equal protection by charging him through an indictment instead of through an information which would have afforded him a preliminary probable cause hearing; (4) the state did not prove petitioner to be guilty beyond a reasonable doubt.

Respondent has moved for summary judgment. Because there is no genuine issue of material fact and because respondent is entitled to judgment as a matter of law, the motion for summary judgment is granted. *See* Fed.R.Civ.P. 56(c).

## DISCUSSION

### 1. Right of Confrontation Claim

The record indicates that the main evidence at trial linking petitioner to the murder of Regli was the testimony of petitioner's wife, Anna Kline ("Anna"), who testified that petitioner admitted to her that he was present when a co-defendant murdered Regli. The defense attacked Anna's testimony in both its cross-examination of her and its case-in-chief, establishing that, *inter alia:* Anna sold and used narcotics; she sought revenge against defendant for leaving her for another woman; she made a number of prior inconsistent statements; she engaged in adulterous relationships; and when Kline's mother refused to give Anna's share of the family-owned business to Anna she threatened that she would see Kline "rot in jail." The court would not however allow the defense to cross-examine Anna on her mental condition.

Petitioner claims that this was prejudicial error because at the post-conviction hearing Anna admitted that she had suffered a nervous breakdown in the months before trial. Thus had the court allowed petitioner to cross-examine Anna on this point, petitioner argues that the defense would have uncovered the fact of Anna's nervous breakdown to further impeach her. Instead, the defense was precluded from demonstrating Anna's lack of competency to testify.

In determining whether to grant petitioner relief the court will not invalidate petitioner's state conviction on an alleged evidentiary error unless the error so tainted the trial that it was fundamentally unfair. *Cramer v. Fahner*, 683 F.2d 1376, 1385 (7th Cir.), *cert. denied*, 459 U.S. 1016, 103 S.Ct. 376, 74 L.Ed.2d 509 (1982). "Unless the claimed error amounted to a fundamental defect so great that it inherently resulted in a complete miscarriage of justice, the conviction should stand. State evidentiary rulings should rarely be the cause of habeas review." *Id.* (citations omitted)

Petitioner has not convinced the court that the trial court's ruling constituted so egregious an error. The modern decisional trend is to not allow cross-examination into a witness's psychiatric background where such cross-examination is sought as a means of attacking the witness's credibility. *U.S. v. Lopez*, 611 F.2d 44, 45 (4th Cir.1979).

> "The rationale for such a restriction, as applied in the psychiatric area, is that many psychiatric problems or fixations which a witness may have had are without any relevancy to the witness' credibility, concerned as it is with whether the witness' mental impairment is related to 'his capacity to observe the event at the time of its occurrence, to communicate his observations accurately and truthfully at trial, or to maintain a clear recollection in the meantime.'"

*Id.* Whether such cross-examination is to be permitted is an issue committed to the sound discretion of the trial court which is "entitled to weigh the potential unfairness of a free wheeling inquiry intended to stigmatize the witness against whatever materiality the evidence might have." *Id.* at 46. To enable the court to make this determination the party seeking to cross-examine "should make an offer of proof of the evidence it seeks to develop on the witness' mental impairment." *Id.*

In light of these principles, the court cannot conclude that the trial court's decision to preclude the defense from cross-examining on Anna's nervous breakdown con-

stituted a "complete miscarriage of justice" so as to require habeas relief. *See Cramer*, 683 F.2d at 1385. In so ruling the court followed the modern trend and the defense provided no offer of proof to demonstrate that the court should rule otherwise. Moreover, the defense had other ample opportunities to attack Anna's credibility. The court's decision to deny the defense the opportunity to cross-examine Anna on her psychiatric problems cannot therefore be said to have denied petitioner a fundamentally fair trial.

■ Nor was petitioner's trial so fundamentally tainted by the trial court's decision to refuse to permit the defense to cross-examine Anna regarding the hiring of a lawyer for the purpose of divorcing petitioner. The record discloses that there was sufficient evidence adduced at trial to apprise the factfinder of Anna's plans for a divorce and property settlement. The trial court did not therefore deny petitioner his constitutional right of confrontation.

2. Concealment of Exculpatory Evidence

At trial Anna testified that petitioner confessed to her that the decedent, who was the high school photographer, had taken a picture of him transacting a drug deal with a co-defendant; that he responded by grabbing the camera away from the decedent, taking the film out and trying to destroy it; that he then threw the camera into the trunk of his car, out of which his co-defendant took a golf club and struck the decedent; that the decedent subsequently died; and that petitioner disposed of the decedent's camera. Petitioner now argues that when the state presented this "camera-motive" theory to the factfinder it at all times knew that neither the decedent's own camera nor any camera belonging to her high school was ever missing, yet it suppressed this "exculpatory" evidence from the defendant.

■ Petitioner's argument is based upon testimony adduced at the post-conviction hearing at which an officer testified that before trial he advised the prosecution that the decedent had not taken her camera to school on the day of her death, nor was any camera missing from her high school. As the appellate court noted, however, this information was arguably available to petitioner at trial. *People v. Kline*, No. 3-85-0359, slip op. at 6 (3rd Dist. Jan. 30, 1986) [138 Ill.App.3d 1167, 104 Ill.Dec. 379, 502 N.E.2d 876 (table)]. Petitioner's defense counsel received at trial a copy of the police report which indicated that the decedent's camera was not missing. *Id.* Petitioner also failed to subpoena anyone from the school to ascertain whether the school camera was missing. *Id.*

Thus petitioner passed up any direct review of this issue in the state court.

> "Where a petitioner has, by his or her own inaction, failed to raise certain issues in state court at the appropriate time in order to preserve state judicial review of these issues, the claims are deemed to have been waived for the purposes of federal habeas relief unless the petitioner can demonstrate a 'cause' for not raising the arguments earlier and 'prejudice' resulting from the procedural default."

*Lindsey v. Camp*, 648 F.Supp. 1089, 1092 (N.D.Ill.1986) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977)). Petitioner has made no effort to demonstrate any "cause and prejudice." Consequently, petitioner has waived this argument for federal habeas review.

■ Moreover, even if petitioner had preserved this argument he has not persuaded the court that he has stated a constitutional violation meriting habeas relief. Under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963),

> "The suppression by the prosecution of evidence favorable to an accused upon request violate(s) due process *where the evidence is material either to guilt or punishment,* irrespective of the good faith or bad faith of the prosecution."

*Id.* at 87, 83 S.Ct. at 1196–97 (emphasis added). Here the evidence in question was not material to petitioner's guilt or the punishment he received. Rather it was material only to his motive, an element that

the state is not required to prove under Illinois law to establish guilt. *People v. Reed*, 23 Ill.App.3d 686, 693, 320 N.E.2d 249, 255 (1st Dist.1974). Thus the asserted suppression of evidence, even if true, did not rise to the level of a constitutional violation so as to merit federal habeas relief.

■ Equally without merit is petitioner's claim that the state knew prior to trial that the county coroner's pathologist could not identify the instrument that caused the decedent's head wound. At petitioner's trial the state argued that the head wound was caused by the golf club which petitioner's co-defendant took from the trunk of petitioner's car. At a subsequent trial the state argued that the head wound was caused by a tire iron. Petitioner apparently contends that the tire-iron theory, if propounded at petitioner's trial, would have tended to refute Anna's testimony that petitioner admitted being present when a co-defendant struck the decedent with a golf club taken from petitioner's car. As the Illinois Supreme Court found however petitioner never introduced any evidence refuting the golf-club theory or establishing that the state had the tire iron in its possession at the time of trial. *Kline*, 92 Ill.2d at 502, 65 Ill.Dec. 843, 442 N.E.2d 154. Thus petitioner's claim that the state concealed evidence of the tire iron must fail.

### 3. Equal Protection/Due Process Claims

Petitioner claims that he was denied due process and equal protection because he was charged by indictment which did not require a preliminary hearing to determine whether probable cause to arrest existed, instead of by information which would have afforded him such a probable cause hearing. Petitioner contends that had the state required such a preliminary hearing to be held petitioner would have had the opportunity to question the only grand jury witness, Officer Crompton, about the pres-

sure he supposedly applied to Anna and about her state of mind, and thereby develop evidence that would have permitted a more effective cross-examination of Anna at trial.

■ As for petitioner's due process claim it is sufficient to note that the Supreme Court has long held that a state may, consistent with due process, dispense with the preliminary hearing procedure in initiating criminal proceedings against the accused. *Lem Woon v. Oregon*, 229 U.S. 586, 590, 33 S.Ct. 783, 784, 57 L.Ed. 1340 (1913). Petitioner's equal protection claim is before the court as a case of first impression. In analyzing petitioner's equal protection claim we note that:

> "The first step ... is to determine the correct standard of constitutional review. Under traditional equal protection doctrine, a classification will be subject to strict scrutiny, and upheld only if necessary to promote a compelling state interest, if it impinges upon a fundamental right or operates to the peculiar disadvantage of a suspect class."

*Doe v. Edgar*, 721 F.2d 619, 622 (7th Cir. 1983).[1] The classification in question is set forth in the Illinois Constitution, which provides:

> "No person shall be held to answer for a crime punishable by death or imprisonment unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause."

Ill. Const. art. I, sec. 7 (1970). Petitioner first argues that his provision violates the equal protection clause by operating to the disadvantage of a suspect class. Petitioner states that:

> "The substance of the Petitioner's Equal Protection claim is that the State has created a suspect class by allowing the prosecution to arbitrarily decide who will

---

**1.** The Supreme Court has developed a so-called intermediate level of review primarily for cases involving classifications based upon gender (*Orr v. Orr*, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979)) or illegitimacy (*Lalli v. Lalli*, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978)),

under which the state's classifications "must serve important governmental objectives and must be substantially related to achieve those objectives." *Orr*, 440 U.S. at 279, 99 S.Ct. at 1111. Such intermediate level scrutiny is not appropriate here.

go before a neutral and impartial magistrate and who will go before a Grand Jury ... To provide some defendants with a probable cause hearing, and others without one, results in unfair treatment for persons similarly situated. That is a suspect class."

Petitioner's brief at 20–21.

■ Petitioner's argument that art. I, sec. 7 creates a suspect class is not persuasive. In determining whether a suspect class exists the court must determine whether:

"The system of alleged discrimination and the class it defines have [any] of the traditional indicia of suspectness: [whether] the class is ... saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness to command extraordinary protection from the majoritarian political process."

*San Antonio School Dist. v. Rodriguez,* 411 U.S. 1, 28, 93 S.Ct. 1278, 1294, 36 L.Ed.2d 16 (1973). The class of criminal defendants who are charged by means of indictment instead of information does not fall within this definition.

■ Petitioner's argument that the state's system of charging defendant by indictment denies those persons of their fundamental right to a fair trial is also not persuasive. While it is true that a defendant who is charged by information may enjoy certain advantages over a defendant who is charged by indictment (*see generally Hawkins v. Superior Court,* 22 Cal.3d 584, 150 Cal.Rptr. 435, 436–40, 586 P.2d 916, 917–21 (1978)), the grand jury process cannot be said to deprive the criminal defendant of a fair trial. On the contrary, the right to a grand jury was viewed as so essential to ensuring fairness in criminal proceedings that the framers incorporated a guarantee of that right into the Fifth Amendment. *See Costello v. U.S.,* 350 U.S. 359, 362, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956) ("adoption [of the grand jury] in our Constitution as the sole method for preferring charges in serious criminal cases shows the high place it held as an instru-

ment of justice.") It would be strange indeed for the court to construe so basic a procedural safeguard to be a mechanism by which fair trials are denied.

■ Because art. I, sec. 7 neither disadvantages a suspect class nor infringes a fundamental right, the court need not apply strict scrutiny to it. Rather, it enjoys a presumption of constitutionality and will be set aside "only if no grounds can be conceived to justify [it]." *McDonald v. Bd. of Election Comm'rs. of Chgo.,* 394 U.S. 802, 809, 89 S.Ct. 1404, 1408, 22 L.Ed.2d 739 (1969). Because the indictment without a preliminary hearing is rationally related to the state's interest in obtaining a pretrial determination of probable cause without unnecessarily taxing the state's resources, the grand jury scheme is justified. *See State v. Robinson,* 417 A.2d 953, 962 (Del. 1980).

A majority of courts that have considered similar equal protection challenges have reached the same conclusion. *See State v. Edmonson,* 113 Idaho 230, 743 P.2d 459 (1987) (construing equal protection clause of Idaho Constitution); *State v. Sisneros,* 137 Ariz. 323, 670 P.2d 721 (1983) (construing equal protection clause to Arizona Constitution); *State v. Clark,* 291 Or. 231, 630 P.2d 810, *cert. denied,* 454 U.S. 1084, 102 S.Ct. 640, 70 L.Ed.2d 619 (1981); *State v. Greer,* 605 S.W.2d 93 (Mo.1980), *vacated and remanded,* 451 U.S. 1013, 101 S.Ct. 3000, 69 L.Ed.2d 385, *aff'd,* 619 S.W.2d 65 (1981); *State v. Robinson,* 417 A.2d 953 (Del.1980); *State v. Reiman,* 284 N.W.2d 860 (S.D.1979); *Seim v. State,* 95 Nev. 89, 590 P.2d 1152 (1979); *Lataille v. Dist. Ct.,* 366 Mass. 525, 320 N.E.2d 877 (1974); *Chung v. Ogata,* 53 Haw. 395, 495 P.2d 26 (1972); *Commonwealth v. McCloskey,* 443 Pa. 117, 277 A.2d 764, *cert. denied,* 404 U.S. 1000, 92 S.Ct. 559, 30 L.Ed. 2d 552 (1971); *People v. Franklin,* 80 Ill. App.3d 128, 35 Ill.Dec. 121, 398 N.E.2d 1071 (1st Dist.1979). *But see Hawkins v. Superior Court,* 22 Cal.3d 584, 150 Cal. Rptr. 435, 586 P.2d 916 (1978) (applying equal protection clause of the California Constitution). *See also People v. Duncan,* 388 Mich. 489, 201 N.W.2d 629 (1972) (pro-

viding all felony defendants with a preliminary hearing under court's inherent power in area of criminal procedure). Accordingly, petitioner's equal protection claim is denied.

### 4. Sufficiency of the Evidence

 Petitioner asserts that the state did not prove him to be guilty beyond a reasonable doubt. On federal habeas review the question of the sufficiency of the evidence is determined by inquiring whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Va.,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). Petitioner's argument is, in essence, that in light of the attacks that the defense made on Anna's credibility, a rational finder of fact would necessarily have harbored sufficient doubts about her testimony so as to preclude the returning of a guilty verdict.

Under 28 U.S.C. § 2254(d) a determination after a hearing on the merits of a factual issue by the state court shall be presumed to be correct on federal habeas review unless, *inter alia,* the court concludes after a consideration of the record as a whole that such factual determination is not fairly supported by the record. *Id.* Section 2254(d) however "gives federal habeas courts no license to redetermine the credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger,* 459 U.S. 422, 434, 103 S.Ct. 843, 851, 74 L.Ed.2d 646 (1983). The *Marshall* court noted that:

> "in doubtful cases the exercise of [the trial court's] power of observation often proves the most accurate method of ascertaining the truth ... How can we say the judge is wrong? We never saw the witnesses ... To the sophistication and sagacity of the trial judge the law confides the duty of appraisal."

*Id.* (quoting *U.S. v. Oregon Med. Society,* 343 U.S. 326, 339, 72 S.Ct. 690, 698–99, 96 L.Ed. 978 (1952)). Applying these principles, the court will not second guess the finding of the trial court that Anna was credible. It is clear that a rational trier of fact who found Anna to be believeable could find petitioner to be guilty beyond a reasonable doubt. Thus petitioner's sufficiency-of-the-evidence claim is rejected.

### CONCLUSION

Accordingly, respondent's motion for summary judgment is granted.

IT IS SO ORDERED.