STATE of Utah, Plaintiff and Appellee,

v.

David M. STEWART, Defendant
and Appellant.

No. 950822–CA.

Court of Appeals of Utah.

Oct. 3, 1996.

David J. Knowlton and Paul H. Olds, Ogden, for Defendant and Appellant.

Jan Graham, Attorney General, and Kenneth A. Bronston, Assistant Attorney General, Criminal Appeals Division, Salt Lake City, for Plaintiff and Appellee.

Before GREENWOOD, JACKSON and WILKINS, JJ.

## OPINION

WILKINS, Judge:

Defendant David M. Stewart appeals from a conviction of aggravated robbery, a first degree felony, in violation of Utah Code Ann. § 76–6–302 (1995). Specifically, defendant appeals the trial court's ruling excluding evidence of a State witness's mental health history. We affirm.

## BACKGROUND

We recite the facts in the light most favorable to the jury's verdict. *State v. Strausberg*, 895 P.2d 831, 832 (Utah App.1995).

At approximately 4:00 a.m. on May 9, 1994, a masked man robbed a 7–Eleven convenience store in Ogden. The man wore two red bandanas on his face, revealing only his eyes, and carried a sawed-off shotgun. He also wore a black sweat suit, a black ski mitten on one hand, and he carried a briefcase.

Two store employees were working when the robbery occurred. The robber leveled the shotgun at the store clerk, placed the briefcase on the counter, and demanded "mucho dinero." One of the employees filled the briefcase with money, and the other called the police from a back office. The robber left the store as soon as he was given the money.

One of the employees recognized the robber as defendant, a frequent customer of the store. The other employee initially thought the robber was someone else, then changed her mind and identified him as defendant. Both employees based their identification of defendant on his lazy eye, blond hair, and speech impediment. The two employees individually identified defendant in two separate photo lineups.

Defendant was arrested. Initially, defendant denied any involvement in the robbery. However, at the end of his interrogation, defendant confessed, but then refused to give a written statement. Defendant was tried before a jury and convicted.

One of the State's witnesses ("the witness") testified that defendant had talked with him twice regarding the robbery. The first conversation occurred on May 8, 1994, the day before the robbery, during which defendant asked the witness if he would help him commit a robbery. The second conversation occurred in January 1995, during which defendant asked the witness to provide alibi testimony for a robbery defendant had committed. The witness refused both requests.

Defendant sought to attack the witness's credibility. Specifically, defendant asked to use the witness's history of mental illness and substance abuse, and the witness's plea of not guilty by reason of insanity to an offense committed six weeks after his first conversation with defendant. The court denied defendant's request, reasoning that defendant failed to show the witness suffered from any mental health problems affecting his credibility during the trial or during his conversations with defendant. The court therefore concluded the evidence was not admissible because first, the evidence was irrelevant, and second, if the evidence was relevant, its probative value was substantially outweighed by the danger of unfair prejudice.

On appeal, defendant argues the trial court abused its discretion by prohibiting him from introducing evidence of the witness's mental illness, past psychiatric treatments, and plea of insanity, offered for the purpose of attacking the witness's credibility.

## STANDARD OF REVIEW

We review for correctness whether the trial court applied the correct legal rule

in deciding to exclude the contested evidence on cross-examination. *See State v. Reed,* 820 P.2d 479, 481 (Utah App.1991). However, we review for an abuse of discretion the trial court's application of this legal standard to the case. *See State v. White,* 880 P.2d 18, 20–21 (Utah App.1994). In addition, even if the trial court erroneously excluded the contested evidence, we will not overturn the verdict unless one of defendant's rights was substantially affected. *State v. Oliver,* 820 P.2d 474, 479 (Utah App.1991), *cert. denied,* 843 P.2d 516 (Utah 1992).

## ANALYSIS

Irrelevant evidence is inadmissible. Utah R. Evid. 402. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Utah R. Evid. 401. Therefore, for the witness's mental health history to be relevant, it must have some ("any") tendency to make the existence of a fact of consequence to the case more or less probable.

Because the witness's mental health history has nothing to do with any elements of defendant's crime, its only relevance to this case is to cast doubt on the credibility of the witness, the ground upon which defendant sought to have it admitted. Defendant argues that the witness's mental illness impacted his credibility because, like blindness, it affected the witness's ability to accurately perceive, recall, and relate events.

■ For this kind of evidence to be admissible, the party offering the evidence must lay a sufficient foundation to show the evidence is relevant. Such a foundation requires evidence of two facts. First, the party must show that the witness's mental condition[1] is such that it affects the witness's ability to accurately perceive, recall, and relate events. We are not convinced that all mental disorders affect a person's credibility.

*See United States v. Lopez,* 611 F.2d 44, 45 (4th Cir.1979) ("[M]any psychiatric problems or fixations which a witness may have had are without any relevancy to the witness'[s] credibility, concerned as it is with whether the witness' mental impairment is related to 'his capacity to observe the event at the time of its occurrence, to communicate his observations accurately and truthfully at trial, or to maintain a clear recollection in the meantime.' " (citations omitted)). Accordingly, we reject defendant's unsupported argument that any and all mental disorders affect a witness's ability to perceive, recall, and relate events. Merely asserting that the witness suffers from a mental disorder does not meet this requirement of showing the disorder directly affects the witness's ability to perceive, recall, and relate events.

■ Second, the party seeking to introduce evidence of a mental disorder for impeachment purposes must also demonstrate that the mental disorder existed either at the time of the event regarding which the witness has been called to testify, or at the time testimony is given. The time period between the witness's observations and the witness's testimony may also be important if in the interim the witness suffers from a mental disorder that impairs the witness's ability to accurately recall his observations. This transitional period is properly included in the analysis of how the mental condition affects the witness at the time testimony is sought.

The reasons for requiring a relationship in time to the observed event or the testimony of the witness are obvious. Consider a witness who suffered blindness, but who has healed and is able to see at the time of the event in question. The blindness that witness suffered earlier in life would be irrelevant to the witness's credibility, because it would not have affected the witness's ability to accurately perceive the event in question, or to accurately recall and relate the event at trial when the witness testified of the event. Similarly, a witness's credibility is not affect-

---

**1.** We acknowledge the distinctions between the terms mental illness, mental disorder, mental health history, and mental condition as applied by health care professionals. For our purposes here, the terms are essentially interchangeable. Each refers to the alleged deficiency of the witness's mental capacity. We intend no significance by the selection of one term to the exclusion of others.

ed if the witness has suffered a mental disorder at a remote time in life, but not during the event in question, nor subsequently such that it would affect the witness's ability to testify.

■ A party seeking to impeach the credibility of a witness on the basis of a mental disorder must establish both of these elements of foundation to show the witness's mental health history is relevant to the witness's credibility. If the party is unable to establish either of the requirements, the evidence is irrelevant, and thus inadmissible. *See* Utah R. Evid. 402.

■ Even if the party successfully lays this foundation, the trial judge still may exclude the evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or any other consideration under Rule 403 of the Utah Rules of Evidence.

■ Applying Rule 402 to the facts of this case, we turn first to the foundation offered by the defendant. In support of his argument that the witness's mental health history should be admissible to attack his credibility, defendant has merely made a broad assertion that the witness's mental illness affects his ability to perceive, recall, and relate events. Defendant supports this assertion with examples of the witness's mental health history: hospitalization in 1984 and 1985; use of Thorazine and Mellaril; a personal decision to discontinue treatment over a year before his conversations with defendant; commission of an offense six weeks after his first conversation with defendant, to which the witness pleaded "not guilty by reason of insanity"; drug abuse; and suicide attempts. Although these specific details support the assertion that the witness has suffered from mental health disorders and does not always obey

the law, they do not support the argument that the witness cannot accurately perceive, recall, and relate events. Thus, these details fail to demonstrate how the witness's mental health history is relevant to his testimony in this case.

In addition, the details of the witness's mental health history were obtained exclusively from the witness's self-serving statement to competency evaluators after the witness, having been arrested, pleaded not guilty by reason of insanity. Defendant presented no independent corroboration of these details, nor an independent evaluation suggesting the witness was mentally deficient in any material respect. On the contrary, the competency evaluators to whom the witness gave this information found the witness to be competent to stand trial.

Defendant also supports his argument with two events. First, defendant cites a statement the witness gave before trial to the effect that the witness recalled a time that he did not have a "grip on reality" but "pretty well do[es] now." Second, defendant cites the witness's inconsistent answers to questions asking whether defendant mentioned a gun in their conversations. However, these examples are not relevant to whether the witness could accurately perceive events during his conversations with defendant and recall and relate them at trial. The first example is merely a vague reference to the witness's past; the second shows the witness either became confused or lied while on the witness stand, but certainly does not clearly prove that the witness's testimony was affected by a mental disorder, as defendant argues.

Defendant has failed to establish that the witness's mental disorder affected the witness's ability to perceive, recall, and relate events.[2] This lack of adequate foundation is fatally defective.

---

2. Our decision echoes other courts that have also found a witness's mental health history is irrelevant when the party seeking to admit it fails to show that it actually affects the witness's credibility. *See, e.g., United States v. Butt,* 955 F.2d 77, 82 (1st Cir.1992) (affirming trial court's decision to exclude evidence suggesting witness was mentally unstable because there had been no formal psychiatric diagnosis of mental illness

that would prevent witness "from perceiving matters truthfully and testifying about them"); *United States v. Friedman,* 854 F.2d 535, 571 (2d Cir.1988) (affirming trial court's decision to quash motion to admit psychotherapist's notes because "nothing in [them] casts any doubt upon [the witness's] ability to understand and relate the truth"), *cert. denied,* 490 U.S. 1004, 109 S.Ct. 1637, 104 L.Ed.2d 153 (1989); *United States v.*

In holding as we do, we specifically reject defendant's unsupported argument that any mental disorder should be presumed to affect a person's credibility as a witness. As with heart disease or flu, mental illness or partial blindness, any physical disability suffered by a potential witness may or may not have an impact on the witness's ability to perceive, recall, and relate events. Proof of the impact of any illness, or its treatment, on a witness's ability to perceive, recall, and relate events in question is important to the search for truth in the courtroom. The suggestion that mental illness, as a category, somehow should be accepted by the court as evidence of diminished credibility, without further evidence of actual diminished ability related in time to the events in question, is simply ·unsupportable.

> *Lopez*, 611 F.2d 44, 47 (4th Cir.1979) (finding no abuse of discretion in trial court's refusal to permit cross-examination of witness concerning details of his psychiatric examination because defendant "pointed to nothing either in the record of the witness'[s] psychiatric examination nor elsewhere that would show an incapacity on the witness'[s] part to have observed the event to which his testimony related, or to recall that event sufficiently to testify accurately about it at trial"); *Bakken v. State*, 489 P.2d 120, 124 (Alaska 1971) (explaining excluded evidence of witness's alleged psychiatric problems would have been admissible if it was shown problem rendered witness's observation and memory of event unreliable); *Commonwealth v. Perreault*, 13 Mass.App.Ct. 1072, 435 N.E.2d 635, 638 (1982) (" '[T]here must be some indication that the impairment or addiction involved is relevant to the issue of credibility before evidence of such can be used to impeach.' " (citation omitted)); *State v. Gum*, 172 W.Va. 534, 309 S.E.2d 32, 43 (1983) (holding that evidence of witness's acquittal by reason of mental illness was properly excluded partly because no showing was made that mental disorder affected witness's credibility).

3. Many other courts also have concluded that evidence of a witness's mental health history which is not contemporaneous with the witness's observations or testimony in the case is irrelevant and inadmissible. *See, e.g., Butt*, 955 F.2d at 82–83 (noting that federal courts traditionally had only "found mental instability relevant to credibility . . . where, *during the time frame of the events testified to*, the witness exhibited a pronounced disposition to lie or hallucinate, or suffered from a severe illness, such as schizophrenia, that dramatically impaired her ability to perceive and tell the truth" (emphasis added)); *Lopez*, 611 F.2d at 45–46 ("It follows that the witness'[s] mental impairment, to constitute a proper subject for cross-examination, must have

In this instance, defendant has also failed to meet the second requirement of a proper foundation. Defendant has not shown that the witness's mental disorder was related in time in any meaningful way to the witness's conversations with defendant or to the witness's testimony.[3] Instead, defendant offered specific details of the witness's mental health history that occurred from ten months to ten years before the witness's first conversation with defendant on May 8, 1994.[4] No evidence of any relationship between the alleged mental disability of the witness and his ability to perceive, recall, and relate events related to the charges against defendant was offered. No evidence of any overlap in time of the alleged disability and the events or testimony in question was offered.

> been 'at a time probatively related to the time period about which he was attempting to testify . . . .' " (citation omitted)); *Stewart v. State*, 398 So.2d 369, 375 (Ala.Crim.App.) ("[T]he credibility of a witness may be attacked by showing mental incapacity, but only if the incapacity exists at the time the witness testifies, or existed at the time of his observation of the incident about which he testifies."), *writ denied*, 398 So.2d 376 (Ala.1981); *Stanford v. Commonwealth*, 793 S.W.2d 112, 116 (Ky.1990) ("[P]rior mental treatment of a witness is not relevant as to credibility unless it can be demonstrated that there was a mental deficiency at the time of the testimony or at the time of the matter about which the testimony was given."); *State v. LeBlanc*, 517 So.2d 951, 958 (La.Ct.App.1987) (holding witness's mental history irrelevant because witness's present, not past, memory ability was "the only relevant inquiry"), *writ granted in part, denied in part*, 519 So.2d 123 (La.1988).

4. *Cf. United States v. Bari*, 750 F.2d 1169, 1178–79 (2d Cir.1984) (affirming trial court's refusal to permit cross-examination of witness on his hospitalization for paranoid schizophrenia partly because hospitalization had ended over ten years before), *cert. denied*, 472 U.S. 1019, 105 S.Ct. 3482, 87 L.Ed.2d 617 (1985); *Hodges v. Keane*, 886 F.Supp. 352, 356 (S.D.N.Y.1995) (finding plaintiff's past mental health condition inadmissible because it occurred five years before actions giving rise to claim—it was too "remote in time from the events giving rise to [plaintiff's] Complaints and any future trial"). *But see United States v. Pryce*, 938 F.2d 1343, 1346 (D.C.Cir. 1991) (concluding that witness's "[h]allucinations in September are obviously relevant to a witness's ability to discern reality in December"), *cert. denied*, 503 U.S. 941, 112 S.Ct. 1488, 117 L.Ed.2d 629 (1992).

Therefore, defendant failed to lay the necessary two-step foundation of relevance needed to admit evidence of the witness's mental health history, offered for the purpose of attacking the witness's credibility. *See State v. Hackford,* 737 P.2d 200, 203 (Utah 1987) ("[T]he right of cross-examination is not without limitation.... To permit an exploration of potential bias without adequate foundation for the questions asked certainly can create a danger of unfair prejudice."). The trial court properly excluded the disputed evidence.[5]

We hold the disputed evidence was properly excluded as irrelevant. As a result, we need not examine whether, if the evidence was relevant, the trial judge abused his discretion by excluding it under Rule 403 of the Utah Rules of Evidence.[6]

## CONCLUSION

Defendant failed to meet his burden to lay the necessary two-part foundation of relevance to admit evidence of the witness's mental health history, offered for the purpose of attacking the witness's credibility. Defendant did not show the witness's mental health disorder impaired the witness's ability to accurately perceive, recall, and relate events, nor did defendant offer evidence that the disability was contemporaneous with the witness's observations or testimony. Therefore, we hold the trial court correctly applied the law to its determination and did not abuse its discretion in excluding the disputed evidence on the grounds of relevance.

Affirmed.

GREENWOOD and JACKSON, JJ., concur.

---

**5.** Defendant argues the disputed evidence was admissible under *State v. Morrell,* 803 P.2d 292, 298 (Utah App.1990). We have reviewed *Morrell* and decline to address this argument because we find it to be without merit. *See State v. Carter,* 776 P.2d 886, 888–89 (Utah 1989) (stating appellate courts need not address meritless issues). We also find defendant's other arguments to be without merit, and decline to address them as well. *See id.*

**6.** As previously noted, under Rule 403 the trial court may still exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. We do not decide whether the suggestion of a witness's prior mental illness alone may fall into this category, but reserve the question.